### G. W. Purvis v. The State.

#### No. 3751.  Decided December 18, 1907.

**Disorderly House—Continuance—Admissions of State's Counsel.**

Where upon trial for keeping a disorderly house, the testimony of the absent witnesses as set out in defendant's motion for continuance was material, and the State's counsel in order to defeat the motion agreed in open court that he would admit that the absent witnesses, if present, would testify to the facts set out in the motion, but would not agree that such facts were true, it was error to overrule the motion for continuance.

Appeal from the County Court of Hardin.  Tried below before the Hon. H. N. Vickers.

Appeal from a conviction of keeping a disorderly house; penalty, a fine of $200.

The opinion states the case.

*R. L. Durham* and *Taliaferro & Nall,* for appellant.—Upon question of materiality of testimony:  Clark v. State, 38 Texas Crim. Rep., 30;

40 S. W. Rep., 992; Richards v. State, 34 Texas Crim. Rep., 277; 30 S. W. Rep., 229.  On question of overruling motion on statement of county attorney:  Hyde v. State, 16 Texas, 446; DeWarren v. State, 29 Texas, 464; Skarors v. State, 43 Texas, 88; White Ann. Code Crim. Proc., p. 410.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted for keeping a disorderly house.  The complaint and information charge that appellant was the owner, lessee, and person in charge of a certain house in which malt liquors were kept for sale and that he permitted prostitutes, lewd women and women of bad reputation for chastity to display and conduct themselves in said house in a lewd, lascivious and indecent manner; and that he was the owner, lessee and person in control of a certain house in which malt liquors were kept for sale, and that he did unlawfully and knowingly employ and have in his service in said house one Mary, a lewd woman and a woman of bad reputation for chastity.

Appellant applied for a continuance for the testimony of two witnesses, Kirk and Garvin.  By Garvin appellant expected to prove that one Mary, whose name is set out in the indictment as being a prostitute in the employment of appellant, as a lewd woman whose reputation for chastity was bad, was the wife of the witness, and that the witness and his wife were boarding with defendant and that she was not then employed in the house where appellant kept malt liquors for sale.  By the witness, Kirk, he expected to prove that he, the witness, was employed in said house and knew all the inmates of said house, and parties employed therein, and that appellant did not have in his employment any women who were prostitutes, or lewd women or women of bad reputation for chastity, and that during the entire time of his employment there were no prostitutes, lewd women or women of bad reputation for chastity permitted to resort to said house or permitted to display and conduct themselves in a lewd, lascivious and indecent manner.  That his employment was prior to and subsequent to the 15th day of September, the date alleged in the complaint and information, at which appellant should have so carried on the disorderly house.  The testimony of these witnesses was material.  The county attorney, in order to defeat this motion, in open court stated to the court that if he would overrule the continuance, he, the county attorney, in behalf of the State, would admit that if the witnesses named were present they would testify under oath to the facts set out in the motion for a continuance, as expected to be shown by them, but would not admit that such facts as they would testify to were true.  Whereupon, the court overruled the application.  In order to avoid an application for a continuance by such admission, the facts being material, the State must admit the truthfulness of the evidence of the absent witnesses.  The case was a closely contested one, and the evidence is on rather close lines as to whether this was a disorderly

house. In view of this condition of the record, we are of opinion the court erred in refusing to continue the case.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Henderson, Judge, absent.