TOM TODD V. THE STATE.

No. 4253. Decided June 19, 1909.

Rehearing denied October 13, 1909.

1.—Local Option—Setting of Cases—Calling Docket—Practice.

Where, upon trial of a violation of the local option law, the record showed on appeal that the case was called in its regular order, although other cases set for the same date, having lower numbers, followed, there was no error.

2.—Same—Continuance—Bill of Exceptions.

Where no bill of exceptions, properly signed, was reserved to the refusal of the court to grant a continuance, the same could not be considered on appeal.

**3.—Same—Evidence—Bill of Exceptions.**

Where, upon appeal from a conviction of a violation of the local option law, the recitals in the bill of exceptions were of a general character, and did not point out how the testimony, giving a description of the building and fixtures where the liquor was sold, injured the appellant, the same could not be considered.

Appeal from the County Court of Grayson. Tried below before the Hon. J. W. Hassell.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*J. Q. Adamson,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—There was but one witness introduced during the trial, to wit, Eb Hanna, who testified positively to a purchase of whisky from appellant.

Bill of exceptions No. 1 recites that before appellant announced ready for trial he called the attention of the court to the fact that this cause was not called in regular order of the setting; that cause No. 12082 against appellant wherein he was charged with running a disorderly house was set down for hearing ahead of this cause; no disposition having been made of cause No. 12082, it was not postponed or continued, but set on the docket ahead of this cause, but notwithstanding this fact the court forced the appellant to trial. The bill is qualified as follows: "That all of the causes were on the setting for said date; that reading from the top to the bottom of the column in which the setting appears the causes were in the following order: 12084, 12083, 12082, and in this order they were called by the court and tried, except that cause 12082 was not tried." This cause was numbered on the County Court docket 12083. As thus explained by the court, we are of opinion there is no injury shown and deem it unnecessary to discuss the question.

There is what purports to be another bill of exceptions in the record reserved to the refusal of the court to grant a continuance, but it is not signed by the county judge or in any manner approved. It can not be considered.

There is another bill of exceptions which recites: "While the witness Eb. Hanna was on the stand he was permitted by the court to describe the building and the fixtures and the surroundings in the building, over objection of the defendant on the ground that it was immaterial, and irrelevant and hearsay." What the facts were, or how they were injurious, can not be ascertained from this bill. The recitals are entirely too general and in every way fail

to show how the description, fixtures and surroundings in the building could have been injurious. As presented the bill is too indefinite. No error is shown.

We are of opinion that the evidence is fully sufficient to sustain a conviction and the judgment is affirmed.

*Affirmed.*

[Rehearing denied October 13, 1909.]