Tom Todd v. The State.

No. 4354.    Decided June 19, 1909.

Rehearing denied October 13, 1909.

**1.—Local Option—Calling Case—Regular Order—Practice.**

Upon trial of a violation of the local option law, where the record showed on appeal that a large number of cases were on the setting of the docket of the trial court for the date when the case was called; that, reading from the top to the bottom of the column in which the setting appeared, the case was called in its regular order, although lower numbers followed, there was no error; besides, this is a matter of practice within the discretion of the trial court, unless injury or injustice to appellant appeared on appeal.

**2.—Same—Continuance—Want of Diligence.**

Where, upon trial of a violation of the local option law, it appeared from the record on appeal that, after the subpœna was returned, no further process had been applied for, and that if this had been done the presence of the absent witness could have been secured, the motion for continuance was properly overruled.

**3.—Same—Evidence—Description of Building.**

Upon trial of a violation of the local option law there was no error in admitting in evidence a description of the buildings, fixtures and surroundings where the intoxicating liquor was sold; at least, no injury was shown thereby.

Appeal from the County Court of Grayson.    Tried below before the Hon. J. S. Hassell.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $100 and twenty days confinement in the county jail.

The opinion states the case.

*J. Q. Adamson*, for appellant.

*F. J. McCord*, Assistant Attorney-General, for the State.

RAMSEY, Judge.—Appellant was convicted in the County Court of Grayson County on a charge of selling intoxicating liquors therein in violation of the law, and his punishment assessed at a fine of $100 and twenty days confinement in jail.

There was only one witness introduced, Eb. Hanna, to whom the indictment alleged the intoxicating liquor to have been sold. This witness in express terms proved a sale of beer which he declared to be intoxicating.

1. The action of the court in trying this case under the circumstances under which it was tried, is questioned on the ground as stated in his bill that same was not called in the regular order of the setting, in that cause No. 12082 against appellant wherein he was charged with running a disorderly house was set down for hearing ahead of this cause (No. 12084); that same was not postponed or continued but set on the docket ahead of this cause, notwithstanding which fact the court forced him to trial in the case in which this conviction resulted.    This bill of exceptions was allowed by the

court with the explanation that a large number of cases were on the setting of the docket for the date when called; that reading from the top to the bottom of the column in which the setting appears the cases were in the following order: 12084, 12083, 12082, and that in this order they were called by the court and tried except that cause No. 12083 was not tried. Under the explanation of the court it is manifest that appellant is without just cause of complaint. Besides, in mere matters of procedure and order of calling cases, we would not reverse in any event unless injury or injustice was clearly shown.

2. Appellant also complains of the action of the court in overruling his application for continuance. Appellant applied for a continuance on account of the absence of Luke Skimmerhorn, alleged to have been a resident citizen of Grayson County, and avers that on the 27th day of January of this year he had a subpoena issued for said witness, which was returned on the same day into court not executed with the statement that he was in Palestine, Texas. The evidence of this witness, as stated in the bill, was important and material and was in substance to the effect that Skimmerhorn would testify that he was present on the occasion Eb. Hanna would testify that the sale was made to him, and that the sale in fact was not made by appellant; and that neither he nor his counsel knew that witness Skimmerhorn was in Palestine. This bill is allowed with the explanation that the return of the subpoena was made on the 27th day of January, 1909, stating that Skimmerhorn was in Palestine on that date and that no further process was asked for by appellant, or issued and that the cause was tried on the 2d day of February, 1909. The record also shows that the indictment was returned into court on January 23, 1909. It is averred in general terms in the application for continuance that counsel for appellant had been busy upon the attendance of the court as a reason why no greater diligence was exercised. We think, in view of all the facts, that appellant was clearly lacking in diligence. If when the subpoena was returned process had then been promptly issued for the witness, there could have been no doubt that his presence and attendance would have been secured. This was not done, however, though the record shows his whereabouts, and no additional process was issued for him.

3. There is another bill in the record complaining of the testimony of Hanna in respect to his description of the buildings, fixtures and surroundings where the intoxicating liquor was sold. This testimony was admissible and in no event could have injured appellant.

Finding no error in the record the judgment of conviction is affirmed.

*Affirmed.*