## DORA MORSE v. THE STATE.

### No. 5319.   Decided March 19,·1919.

**1.—Keeping Disorderly House—Continuance—Want of Diligence.**

Where, upon trial of keeping a disorderly house, the application for continuance showed a want of diligence, and that the absent testimony was of a cumulative and negative character, there was no reversible error in overruling the same.

**2.—Same—Rule Stated—Diligence Required.**

The record must show whether the subpoena was returned or not and if returned the information therein imparted should appear.   Following Todd v. State, 57 Texas Crim. Rep., 26.

**3.—Same—Discretion of Court—Presumption.**

Where the abuse of discretion vested in the court is charged, in denying application for continuance, the presumption is in favor of the correctness of his ruling until it is shown otherwise.

**4.—Same—Evidence—Rebuttal—Cross-examination—Reputation.**

Where upon trial of keeping a disorderly house, the defendant on cross-examination of a State's witness brought out the fact that said witness had forbidden the child of defendant to enter her premises and that she did so because she did not want her child to associate with the other, there was no error in re-examination of the State's witness to show that the witness did so because she knew of the bad reputation of defendant for chastity; besides, similar testimony was admitted without objection.

**5.—Same—Evidence—Character of Witness.**

Upon trial of keeping a disorderly house, there was not error in permitting a State's witness to testify that one of the women residing with the defendant was a prostitute, the witness being an officer and knew that such was the fact.

**6.—Same—Evidence—Reputation of House.**

Where a State's witness was called to show the reputation òf defendant's house, but failed to give material evidence, and defendant on cross-examination of the witness showed that a certain witness took his name, there was no error to show on redirect examination that the witness had signed a petition.

Appeal from the County Court at Law number Two of Harris County.

Appeal from a Conviction of keeping a disorderly house; penalty; a fine of $200 and thirty days confinement in the county Jail.

The opinion states the case.

*Jack Ciulla,* for appellant.

*E. A. Berry,* Assistant Attorney Genereal, for the State.—Cited cases in the opinion.

MORROW, JUDGE.—Conviction was for keeping a disorderly house. An application for continuance based upon the absence of certain witnesses was made.

The prosecution began on the 9th of September, the trial on the 19th of that month; all of the witnesses named in the application resided in the City of Houston, Harris County, where the trial took place. One of the witnesses, however, was temporarily in McLennan County. The subpoenas were applied for on the 15th and issued on the 16th day of September. No reason is stated for not applying for them at an earlier date, and this fact alone discloses an absence of the diligence required by the law. Barrett v. State, 18 Texas Crim. App., 64; Dove v. State, 36 Texas Crim. Rep., 105; Holmes v. State, 38 Texas Crim. Rep., 370. The sheriff of Harris County executed the process and returned it on the same day it was issued showing service of the witness. Their non-attendance entitled appellant to an attachment for them. C. C. P., art. 536, and diligence required its issuance. Hill v. State, 18 Texas Crim. App., 655. The subpoena for King, who was in McLennan County, was sent to the sheriff of that county, by what means is not shown, and neither in the application, the bill of exceptions nor the motion for new trial is it made to appear what became of the subpoena. The record should disclose whether the subpoena was returned or not, and if returned the information therein imparted should appear. Todd v. State, 57 Texas Crim. Rep., 26. Where the abuse of the discretion vested in the trial court with reference to denying an application for continuance is charged, the presumption is in favor of the correctness of his ruling until its vice is affirmatively shown by the record. Branch's An. P. C., p. 183, sect. 206 and cases listed. This court is not advised what, if any, effort, appellant made to secure the service of the process at Waco, if it was not served, or what diligence he exercised to secure the attendance of the witness with other process. The affidavit of the witness King attached to the motion for new trial, shows that he was in Waco, but does not show whether he was served with subpoena or not, nor does it explain the cause of his non-attendance. The affidavit moreover shows that such testimony as he would have given was cumulative, of a negative character in part, and the remainder mainly conclusions. It consists of his statement that he roomed at the house of appellant from September, 1917 until June 6, 1918, and that the appellant and the women living with her conducted themselves in an orderly manner, and he saw no lewd conduct; and that men and women did not meet there for immoral purposes. On the trial there was direct testimony that some of the women who were inmates of the house were prostitutes, and that some made assignations there with appellant's knowledge and received money, a part of which was paid to appellant. Whether these trans-

actions occurred after the witness King's departure or before is not disclosed, but that they might have occurred without his knowledge is manifest. The diligence being clearly insufficient, it was not incumbent upon the trial court to order a new trial on account of the absent testimony unless considered in connection with the evidence adduced on the trial it is reasonably probable that a result more favorable to the accused would have been occasioned by the presence of the witness. Covey v. State, 23 Texas Crim. App., 388; Branch's An. P. C., p. 188, sect. 319, sub'd 2.

A witness for the State, on cross-examination, responding to questions by appellant admitted that she had told the five-year old child of appellant to leave her premises, and that she did not want her to associate with her little girl. The motive of the witness having been thus assailed by appellant he is not in a position to complain that the witness on redirect examination stated that her reason for objecting to the association of the children, was her knowledge of the bad reputation of appellant for chastity. There is a just rule of evidence which permits a witness put in bad light before the jury by the development of testimony on cross-examination, by a pertinent explanation on re-examination, to remove the unfavorable impression. Wigmore on Evidence, vol. 2, sect. 952, Oxsheer v. State, 38 Texas Crim. Rep., 499.

The complaint of the reference to the reputation of appellant was, by the circumstances detailed, rendered unsound, even though the reputation of appellant in the respect mentioned was not an issue, which could be raised by the State. Moreover, the appellant having testified that she had been engaged in running an assignation house, at several places and for a number of years in the City of Houston, we would be inclined to hold the answer of the witness harmless, on the ground that there was other similar testimony before the jury without objection.

The bill complaining of the action of the court in permitting a witness to testify that one of the women residing with appellant was a prostitute does not disclose error justifying reversal. It was objected to as a conclusion, and standing alone might have been subject to that objection. The witness giving the evidence was a policewoman whose business required her to look after prostitutes, and she said she knew of her own knowledge that the girl was a prostitute, and gave facts supporting her knowledge, among others, that she was confined on the city farm; that witness went to appellant's house after the girl and found her in bed with a man. The appellant testified about the same girl, gave testimony showing that she, at her house, engaged in criminal intercourse with men, and further said she was diseased, stating facts from which the inference is clear that she was afflicted with a venereal disease. The girl bore the reputation of a common prostitute.

The bill complaining that a witness testified that he had signed a petition discloses no error. The petition is not described in any manner in the bill. It appears therefrom that appellant proved by the witness, on cross-examination, that a certain witness "took his name," and the State on re-direct examination proved by him that he signed a petition. He was called by the State to show the reputation of appellant's house, but failed to qualify and gave no material evidence, so far as we learn from the bill, for either party.

We find nothing in the record which would require or justify reversal. The judgment is affirmed.

*Affirmed.*