JOHN W. BRAWLEY v. THE STATE.

No. 12902.   Delivered February 26, 1930.
Rehearing denied April 2, 1930.
Reported in 26 S. W. (2d) 244.

The opinion states the case.

*Chastain & Judkins* of Eastland, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is manufacturing intoxicating liquor; the punishment confinement in the penitentiary for three years and six months.

Operating under a search warrant, officers searched appellant's residence and premises. They found in a smokehouse two hundred and fifty pounds of sugar and several containers that had had whisky in them. About two hundred yards northwest of the residence they found a place where a still had been in operation. Near the house they found a thirty-six gallon barrel with about twelve gallons of whisky in it. A complete still and four barrels of mash were discovered in the vicinity of the house. Appellant made a written statement which, omitting the formal parts, reads as follows: "On September 7 about 8 o'clock a. m. Mr. O. G. Allen and myself, J. W. Brawley, manufactured about eight gallons of whisky on my place in the pasture about two hundred yards northwest of my house. We finished the run of this batch about dark on the same.

day. The last two runs was made by Mr. O. G. Allen and myself, J. W. Brawley." It was agreed that if appellant's wife and father had been present they would have testified that appellant's mother, father and wife and appellant all used whisky for medicinal purposes, and that a doctor had advised them to use whisky as a medicine. This agreement went to the jury to be considered in connection with the other facts and circumstances in the case. The court submitted to the jury the question as to whether appellant had manufactured the liquor for medicinal purposes for his mother, father, wife and himself.

Bill of exception No. 1 is concerned with the refusal of the court to grant appellant's fourth application for a continuance. It appears from the application that appellant's wife was unable to be in attendance upon court on account of sickness; that she was under process; that if present she would testify that appellant, his mother, father and wife were in bad health and used whisky for medicinal purposes; that appellant kept whisky for such purpose; that he had never sold or offered to sell intoxicating liquor to any person. The court qualified the bill of exception as follows: "That this showed to be the third or fourth application for a continuance, and that before the motion was overruled the (state) agreed in writing with defendant's counsel that they would agree that if defendant's wife was present she would testify to the facts as set out in the motion; that said agreement was read to the jury and the court instructed the jury that it was evidence in the case and for their consideration the same as if said witness was present and gave the same testimony. The court understood at that time that the defendant was withdrawing his motion. * * * And afterwards defendant's counsel made known to the court that he wanted a bill for overruling the application."

The fact that state's counsel admitted that the absent witnesses would, if present, testify as stated by appellant in his application for a continuance did not justify the court in overruling the application. Section 325, Branch's Annotated Penal Code of Texas; Purvis vs. State, 52 Tex. Cr. R. 316, 106 S. W. 355. In order to prevent the granting of a good application for a continuance the state must go further and admit the truth of the facts proposed to be proved by the absent witness, and in such case it is not permissible for the state to subsequently contravene the truth thereof on the trial of the case. Branch, supra. However, if appellant withdrew his application after the state had agreed that the witness

would testify as alleged therein, he was in no position to contend that the court committed error in refusing the continuance. It appears from the court's qualification that he did this. The matter was again urged on motion for new trial. The affidavit of the witness was not attached. Notwithstanding the absent testimony be material and probably true, it is not in every case that the ruling of the trial court in denying a continuance and new trial will be revised. Before this court will revise such ruling, it must be impressed with the conviction that it is reasonably probable that if the absent testimony had been before the jury a verdict more favorable to the appellant would have resulted. Branch's Annotated Penal Code of Texas, Section 319. Under the facts, we are not impressed with such conviction. Appellant's confession was before the jury. The jury knew that he had not claimed in said confession that he had been manufacturing whisky for medicinal purposes. Appellant made no attack on the confession. It went to the jury without objection. Again the quantity of whisky, mash and sugar appellant possessed would, considered in connection with the confession, impress us with the conviction that it is not reasonably probable that a verdict more favorable to appellant would have resulted had the absent testimony been before the jury. We are of the opinion that, viewed in the light of the record, the trial court was justified in denying a new trial in so far as the motion was based on the refusal of the court to grant the continuance in the first instance.

Bills of exception Nos. 4, 5, 7 and 8 relate to the action of the trial court in permitting the officers to testify touching the result of the search. The objection to the testimony was as follows: "That the said testimony had been illegally obtained, and that the search of defendant's residence and premises was an illegal search, same having been made on a search warrant based on an illegal affidavit, because said affidavit for the search warrant failed to state that defendant's private residence and premises was a place where intoxicating liquor was manufactured or sold and because said affidavit failed to comply with the provisions of Title 6 of the Code of Criminal Procedure of Texas." We are unable to determine in what respect the affidavit fails to comply with Title 6 of the Code of Criminal Procedure. As to the objection that it was not stated that intoxicating liquor was manufactured or sold in appellant's private residence, it is observed that it is positively and directly averred in the affidavit that appellant was engaged in the unlawful sale of intoxicating liquors in his residence and on his premises. This

averment appears to meet the requirement of Art. 691, P. C., in which it is provided that an affidavit for the search of a private residence must show that such private residence is a place where intoxicating liquors are manufactured or sold. Green vs. State, 12 S. W. (2d) 790.

Bill of exception No. 10 complains of the argument of the county attorney. It is stated in the bill, as a ground of objection, that the argument constituted an allusion to the failure of appellant to testify. It is not certified in the bill that appellant did not in fact testify. We quote from Texas Jurisprudence, Volume 4, page 396 as follows:

"A bill complaining that an argument or remark of the attorney for the state was a reference to the failure of the defendant to testify must show that the defendant did not in fact testify. A mere statement as a ground of objection that he did not testify is not sufficient."

Quinney vs. State, 216 S. W. 882, and many other decisions of this court are cited in support of the text.

Bill of exception (A) complains of the refusal of the court to give the following requested charge:

"In this case I charge you that it is no offense against the law of this state to manufacture whisky for medicinal purposes and that defendant had the right to manufacture or possess any amount of whisky, provided the same was made for medicine, for himself or any member of his household."

The court qualified the bill of exception by stating in substance that the issue was affirmatively submitted in the main charge. There appears to have been no objection to the manner in which the issue was submitted in the main charge. As qualified, the bill of exception fails to manifest reversible error.

Failing to find reversible error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—For two reasons the affidavit for search warrant in this case, was good. The description therein of the place sought to be searched was as follows: "At, in and near the follow-

ing described place, building and structure: *His place* near the Curtis School House on the Nimrod and Curtis road, and near the old Brawley farm on said road." As we understand it, the words "His place" in no sense amounted to an averment that same was the private residence of appellant, or his "private dwelling occupied as such," which is the language used in Art. 691, P. C. The other reason is that the language of the affidavit that "John Brawley is engaged in the unlawful sale of intoxicating liquor * * * at, in and near the following place, building and structure; his place," etc., is a direct averment that in whatsoever house, structure or building is referred to, this appellant was engaged in the sale of intoxicating liquor. The omitted words in no sense affect the grammatical construction or sequence of the sentence. Even if by any construction the word "place" could be held to mean appellant's private residence, there would still be a direct averment that he was engaged in the sale of liquor at such place.

Neither by any direct allegation of such fact, nor from what was said in the bill of exception complaining of the argument used by the district attorney,—are we informed by said bill that appellant did not testify in this case. All the rules require that a bill of exception manifest the error complained of. Each such bill must make in itself such manifestation. We think the disposition of the case in the original opinion correct.

The motion for rehearing will be overruled.

*Overruled.*