BUFORD COLLINS v. THE STATE.

No. 13122.   Delivered March 19, 1930.
Rehearing denied April 30, 1930.
Reported in 26 S. W. (2d) 1074.

The opinion states the case.

*Williams & Williams* of Mt. Pleasant, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, Presiding Judge.—Theft of hogs is the offense; penalty fixed at confinement in the penitentiary for a period of two years.

By the testimony of eye-witnesses who saw the appellant and three other persons in the act of stealing the hogs and by the testimony of an accomplice, and under the circumstances developed from the owner of the animals, the appellant's connection with the theft of four hogs was shown. The hogs were tolled and driven to a point near a certain lake and there killed. Their entrails were placed in a fire from which they were taken by the eye-witnesses and the owner of the animals a short time after they were killed.

The defense of alibi was presented by the witnesses in behalf of the appellant. He did not testify, but by the evidence adduced from other witnesses, presented the theory that at the time the offense was committed, the appellant was hunting at another place some distance from that at which the offense occurred.

The date of the offense was fixed by the State's testimony as the 27th day of February, 1929. Several witnesses gave testimony tending to show that the appellant, in company with Snodgrass, Ponder and others, was hunting birds near the home of his father in the latter part of the month of February, 1929. The testimony on the subject is difficult to analyze on appeal for the reason that the witnesses gave names of places such as Cookeville, Omaha and Zealith Lake, but failed to give such information as would enable this court to determine the relative locality of the various places mentioned. However, it seems to be the contention of the appellant that his presence in the hunting party would be about ten miles from the place where the hogs were killed. His presence, however, at the place where the hogs were killed was affirmed by several of the State's witnesses, and the conflict of evidence upon that issue was settled by the jury who, in the court's charge, were instructed upon the law of alibi.

In his application for a continuance because of the absence of Clifton Snodgrass and Johnnie Ponder the appellant avers that he made application for process for each of the witnesses mentioned; that process for Snodgrass was applied for on the 24th of June, 1929, and for Ponder on the 16th of that month. In the application there is no averment that either of the witnesses had been served with process, nor is it stated therein that the appellant caused process to be put in the hands of the sheriff or that it reached the sheriff. It is stated that by the sheriff's return it appeared that

Snodgrass was not served and was in Arkansas, but the date of the return is not stated in the application. The object of the testimony of both witnesses was to show that at the time the offense was alleged to have been committed (about the 27th day of February), the appellant, in company with the witnesses named, was a member of a hunting party about ten miles from the place where the hogs were killed. It was the duty of the appellant, not only to make application for process, but to see to it that it was issued and placed in the hands of the sheriff or some other officer for execution. It was likewise his duty, after process was returned, to exercise diligence in getting out a new process, if necessary, to secure the attendance of the witnesses. In both of these particulars the application for a continuance is faulty. Deckard's case, 58 Tex. Cr. R. 34, and numerous cases collated in Branch's Ann. Tex. P. C., Sec. 315, support the text as follows:

"Defendant should show what became of his process, in whose hands it was placed and when, and whether it was served, and when it was returned."

See Texas Jurisprudence, Vol. 4, p. 186, sec. 135; Morse v. State, 85 Tex. Cr. R. 83, 210 S. W. 965.

In the court's qualification of the bill complaining of the refusal to grant a continuance, it appears that process for Snodgrass was returned on the 29th of June, showing no service on him and stating that he was in Arkansas. It was shown in the application and in the court's qualification that Snodgrass was a resident of Morris County, Texas, and that both Snodgrass and Ponder were close friends of the accused.

In the application it is averred that Ponder was sick. No proof of that fact was made on the hearing of the motion for new trial; nor is it shown in any way that he had been served with process. After the process for Snodgrass was returned on the 29th of June, diligence would have required that the appellant make some effort to secure his attendance at the trial. The case was set for trial on the 11th of July and postponed until the 15th of that month. Between the 29th of June and the 15th of July no effort is shown to have been made to procure additional process or to secure the attendance of the witness Snodgrass. The necessity that the diligence used be set out in the motion for a continuance and that it affirmatively appear that diligence was used to secure the attendance of the witnesses has often been stated in the opinions of this court. Many of them are collated in Branch's Ann. Tex. P. C., p. 186, sec. 314.

676

See Boyd v. State, 57 Tex. Cr. R. 647; Walker v. State, 13 Tex. Cr. App. 647. For other collation of authorities, see Morse v. State, 85 Tex. Cr. R. 83, 210 S. W. 965; also Shepherd v. State, 10 S. W. (2d) 730.

The action of the court in overruling the motion for a continuance was fully justified by the absence of diligence to secure the attendance of the witnesses.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant strenuously insists that his application for continuance was sufficient. The showing made as to diligence went no further than to attach to the motion for continuance copies of two applications for subpoenaes made by appellant, and to state that such applications were made. The indictment herein was returned June 13, 1929. There is no reference in the application for continuance to the date of appellant's arrest, nor to the date of the call of the criminal docket for setting, nor any statement as to when such docket was set. One of the applications for process attached to the motion, shows that it was issued on June 18th, and the prayer set out in same asked that the subpoena be made returnable on the 24th of June. This court is left wholly in the dark as to whether any subpoena was ever issued upon said application, or, if so, what became of such process, to whom delivered, etc. No subpoena is attached to the motion for continuance, nor is there any averment therein that such subpoena was ever issued, or that it was delivered to the sheriff or any other officer. The other application for process attached to the motion is in the same condition. Appellant seems of opinion that the rule requiring some such showing in an application for continuance, is of recent date. In Buie v. State, 1 Texas Crim. App. 455–6, appears the following:

"It has been repeatedly decided by this and the Supreme court that it must be shown what was done with the process obtained for a witness; that it should be made to appear that it was placed in the hands of the proper officer if the witness resided in the county; and if he resided out of the county, then that it was forwarded, and how and when, to the proper officer there. And in either case, if a return of the process has been made by the officer, that fact and the character of the return should also be shown. The better practice, in order to establish such diligence beyond controversy, and

certainly the most satisfactory, would be to make the process itself, if returned, a part of the application, as an exhibit.

"Now, for aught that appears in the above motion, it may be true that the attachment was issued, and it may be true that witness was not found by the sheriff of Comanche county, and still it may also be equally as true that defendant retained the attachment in his own possession after its issuance, and that the sheriff of Comanche county did not find the witness because he never had any process which required him to hunt him. See Lewis Murray v. State, decided at the present term, and authorities there cited, ante p. 417."

There has never been any other rule in this State as far as we know. In Atkins v. State, 11 Texas Crim. App. 17, appears the following:

"It is not stated that any effort was made to serve the attachment, nor even that it was placed in the hands of an officer for service. This is not such diligence as the law demands. It is not sufficient to state merely that the process was sued out; but it must be shown what was done with it."

In Cooper v. State, 7 Texas Crim. App. 194, it is stated that the application for continuance must show to whom and when the subpoena was delivered, and when and by whom it was returned, if returned. In Williams v. State, 10 Texas Crim. App. 114, it is stated that the application for continuance must show by what officer the subpoena was issued, whether served or not, and if not served, what diligence was used to procure service. Under Art. 543, subdiv. 2, Vernon's Ann. C. C. P. 1925, appear numerous cases supporting the above proposition. True, the qualification put on the bill of exception by the trial court states that a subpoena was issued for one of the absent witnesses on June 24th, 1929, which was returned June 29th, showing no service and stating that the witness was in Arkansas. If this be considered, diligence would have required that appellant at once take steps to procure the deposition of such witness, which he does not appear to have done. We note also the statement of the court in said qualification that the case was not tried till July 15th, and that during this interim, as the court was reliably informed, the said witness was at his father's home in Morris county, Texas. The former opinion was correct.

The motion for rehearing will be overruled.

*Overruled.*