CLIFF VAUGHN v. THE STATE.

No. 13230.   Delivered April 30, 1930.
Rehearing denied May 28, 1930.
Reported in 28 S. W. (2d) 148.

The opinion states the case.

*W. P. Jones* of Crosbyton, for appellant.

*A. A. Dawson*, State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for transportation of intoxicating liquor; punishment, two years in the penitentiary.

There are five bills of exception in this record. The first complains of the refusal of a continuance. The application so obviously lacks a showing of diligence that it seems unnecessary to discuss it. No subpoena had been issued in the case for the absent witness.

The fourth bill of exception complains of the introduction in evidence of two bottles of whisky and certain broken bottles found by the sheriff in connection with the arrest of appellant. This bill presents no error. Bill No. 5 complains of the overruling of the motion for new trial based on the insufficiency of the testimony. The testimony seems amply sufficient.

Bills of exception 2 and 3 raised the question of the correctness of the refusal of a charge on circumstantial evidence. Officers observed appellant in Crosbyton acting in such way as caused them to follow him and a companion when they later drove out of town. The record contains the testimony showing how long and in what manner the officers followed the car. The movements of appellant in circling out from the road and making a wide turn through a cotton field in an apparent effort to escape from the pursuit of the officers, is described. The sheriff of the county, one of said officers, testified that as appellant made the turn out through the cotton field witness saw him throw a pint bottle out of the car. We quote from the testimony of said officer:

"I saw where he threw it and I went back and picked it up and I knew it was a pint bottle when I went back and picked it up. I know it was one of these bottles that he threw. I drove back that night and found this one and I know positively and swear to the jury that this is the bottle he threw out. I recognized the place where he threw it and I drove right back there and picked it up."

This testimony manifests that the case is not on circumstantial evidence. The bottle found by the officer was exhibited by him to the jury and its contents declared to be whisky. The issue in this case is the transportation of whisky. We have here the direct and positive testimony of an eye-witness who swears that he saw appellant, while driving his car, throw out of the car a bottle, and this same witness swears that he knows that he picked up the same bottle and that it contained whisky. Bills of exception 2 and 3 present no error.

The judgment will be affirmed.

*Affirmed.*

## ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In our opinion we stated that "officers observed appellant in *Crosbyton* acting in such a way as caused the officers to follow him and a companion when they later drove out of *town.*" In the motion for rehearing our attention is called to the fact that the statement is inaccurate. The officers did not observe appellant and his companion in Crosbyton but at a dance at what was called the "Randolph Farm" in Crosby County. With the exception mentioned the statement as to the facts is substantially correct.

In this motion for rehearing appellant urges that we were in error in holding admissible evidence regarding certain broken bottles and a bottle of whisky other than the one the officer saw appellant throw from his car. Of course, if these bottles that were broken by being run over by the sheriff's car and the other unbroken bottle were placed at.that point by parties other than appellant the admission of this testimony would be erroneous and hurtful. An examination of the statement of facts does not lead us to the conclusion that anyone but appellant was responsible for their presence. In trying to escape from the pursuit of the officers appellant made a wide turn in the cotton patch with his car and the sheriff saw him throw one bottle of whisky from the car while making this turn. The sheriff drove back to the cotton patch and at the point where appellant made his turn the officer found the bottle appellant threw from the car and also the other unbroken bottle; as he drove up to the point the sheriff's car wheel broke two other bottles which had contained whisky. There is no evidence in the record which would indicate that the bottles came from any other car than that of appellant.

The motion for rehearing is overruled.

*Overruled.*