BLONDY HUGHES v. THE STATE.

No. 13903.   Delivered January 28, 1931.

The opinion states the case.

*W. L. Scott,* of Graham, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—Conviction was for transportation of intoxicating liquor; punishment, one year in the penitentiary.

By bill of exception appellant complains of certain argument of the prosecuting officer, which he claims related to and was a comment upon the failure of the appellant to testify. It is not certified in the bill that appellant did not in fact testify. A bill complaining that an argument or remarks of the attorney for the State was a reference to the failure to testify must show that the defendant did not in fact testify. A bill of exception must manifest the error complained of. A mere statement as a ground of objection that he did not testify is not sufficient. Brawley v. State, 114 Texas Crim. Rep., 605, 26 S. W. (2d) 244, and authorities cited therein; Quinney v. State, 86 Texas Crim. Rep., 358, 216 S. W., 882, 884.

By a bill of exception appellant complains of the action of the trial court because the court refused to give an instruction as requested on the law of circumstantial evidence applicable to the second count in the indictment. The appellant was convicted under the second count in the indictment, which charged him with the unlawful transportation of

intoxicating liquor. In the case of Vaughn v. State, 116 Texas Crim. Rep., 334, 28 S. W. (2d) 148, the question by bill of exception raised the issue of the correctness of the refusal of a charge on circumstantial evidence. Judge Lattimore speaking for the court in that case stated: "The sheriff of the county, one of said officers, testified that, as appellant made the turn out through the cotton field, witness saw him throw a pint bottle out of the car. We quote from the testimony of said officer: 'I saw where he threw it and I went back and picked it up and I knew it was a pint bottle when I went back and picked it up. I know it was one of these bottles that he threw. I drove back that night and found this one and I know positively and swear to the jury that this is the bottle he threw out. I recognized the place where he threw it and I drove right back there and picked it up.'"

Continuing, he stated in said opinion: "This testimony manifests that the case is not on circumstantial evidence. The bottle found by the officer was exhibited by him to the jury and its contents declared to be whisky. The issue in this case is the transportation of whisky. We have here the direct and positive testimony of an eyewitness who swears that he saw appellant, while driving his car, throw out of the car a bottle, and this same witness swears that he knows that he picked up the same bottle and that it contained whisky."

Under this state of facts, the court held that a charge on circumstantial evidence was not necessary.

In this case we have the positive testimony of an eyewitness that he saw something in appellant's hand, that it was a fruit jar and that he changed it from one arm to the other right in front of the witness; that when he turned around and started back, the witness followed him and was about two or three feet of reaching his arm when the appellant smashed it down on the rock. The witness testified that he saw him throw it down and heard it smash; that he examined what was on the rock; that it was whisky; that he could see three or four spoonsful on the rock and he testified positively that the liquor was there on the rock where appellant had thrown down the jar; that he had a flashlight and used the flashlight to look at the stuff on the rock.

This evidence, in our opinion, shows that the case is not one of circumstantial evidence and that therefore there was no error in the failure of the court to give appellant's requested charge on circumstantial evidence. Branch's P. C., Sec. 1874, and authorities there cited; Holt v. State, 9 Texas App., 582; Crews v. State, 34 Texas Crim. Rep., 543, 31 S. W., 373; Cabrera v. State, 56 Texas Crim. Rep., 141, 118 S. W., 1057; Bass v. State, 59 Texas Crim. Rep., 191, 127 S. W., 1020.

Failing to find reversible error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.