RAYMOND ELDRIDGE v. THE STATE.

No. 15102. Delivered June 8, 1932.
Reported in 51 S. W. (2d) 365.

The opinion states the case.

*L. D. Hartwell,* of Greenville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.—The offense is transporting intoxicating liquor; the punishment, confinement in the penitentiary for one year.

Appellant objected to the charge of the court for its failure to embody an instruction covering the law of circumstantial evidence. The arresting officer testified that he was about 30 feet across the street from appellant when he saw him walking down the sidewalk with a package under his right arm; that when he started toward appellant, appellant ran through one building and he, through another, both coming out of the back of the buildings at the same time; that appellant threw the package down and kept running; that he pursued appellant, arrested him and placed him in jail; that within five minutes he returned to the place where appellant had thrown the package and obtained from the package a half-gallon of whisky. On direct-examination the officer testified, in part, as follows: "He (appellant) went east through a building and went out in the back and laid this package down. I saw him lay it down and I kept on after him until I got hold of him and I then brought him over and put him in jail, and then I went down and got the package he laid down—threw down. I know the package I got is the same package I saw him lay down and it contained a half-gallon of whisky."

We quote from the testimony of the witness on cross-examination: "When I first saw the defendant he had a package. It was a brown paper sack rolled up, something like that big around (illustrating). It was one of these big long paper sacks. The bundle that he had the whisky in it was in a paper sack. * * * He had the package under his right arm and it was rolled up. I was right straight across the street from him, west of him at that time. He was going south when I first seen him and when he seen me he whirled and ran through the building and I again saw him when I got out of the back of the building. * * * As to my not having arrested him when I saw him put that package down, I couldn't get to him. I wasn't quite fast enough. I was some ten steps from him I guess. * * * After I put the defendant in jail I went back over there just as quick as I could walk over there, which I would imagine was about five minutes."

On redirect-examination, the witness testified as follows: "We came out of the building about the same time. I saw him place this whisky down there. * * * No, I did not see anyone else around there at all. I came over here and went back and got the whisky and have it now."

This case is similar on its facts to that of Vaughn v. State, 116 Texas Crim. Rep., 334, 28 S. W. (2d) 148. There officers observed Vaughn at a dance. When he left in his automobile they followed him. The officers testified that the car circled out from the road and made a wide turn through a cotton field in an apparent effort to escape. The sheriff testified that as Vaughn made the turn out through the cotton field he saw him throw a pint bottle out of the car. He said: "I saw where

he threw it and I went back and picked it up and I knew it was a pint bottle when I went back and picked it up. I know it was one of these bottles that he threw. I drove back that night and found this one and I know positively and swear to the jury that this is the bottle he threw out. I recognized the place where he threw it and I drove right back there and picked it up." In concluding that there was no reversible error in failing to charge on circumstantial evidence, this court, speaking through Judge Lattimore, used language as follows: "The issue in this case is the transportation of whisky. We have here the direct and positive testimony of an eye-witness who swears that he saw appellant, while driving his car, throw out of the car a bottle, and this same witness swears that he knows that he picked up the same bottle and that it contained whisky."

In the present case if the officer, immediately upon seeing appellant throw the package to the ground, had picked it up and discovered that there was whisky in it, it could not be seriously urged that the failure to charge upon circumstantial evidence would have presented reversible error. The five minutes intervening between the act of appellant in throwing the whisky down and the action of the officer in picking it up is the only element that distinguishes it from the situation last mentioned. The officer testified that nobody else was there. He positively identified the package that appellant had under his arm. He saw the spot where appellant threw the package, returned in five minutes and picked up the identical package from the spot where he had seen appellant place it, and found a half-gallon of whisky in it.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.