## SCOTT SHIPP V. THE STATE.

No. 18801.   Delivered February 17, 1937.
Rehearing Denied April 14, 1937.

The opinion states the case.

*J. W. Spivey, Jr.,* of Borger, and *Curtis Douglass,* of Panhandle, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for rape; punishment, ten years in the penitentiary.

The record is before us unaccompanied by a statement of facts. There are seven bills of exceptions, each of which has been examined, but in the absence of a statement of facts this court is unable to appraise the injury of any of the matters set out in said bills. Most of the bills are qualified in such way as to make the matters complained of therein appear harmless, and which qualifications are impossible of appraisement by us without the facts.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—On the original hearing of the case, this court did not have before it the evidence adduced upon the trial. By proper showing it is made to appear that the statement of facts was filed in the trial court within the time prescribed by law, and the same will now be considered.

Mrs. Vera Birdwell, the prosecutrix, resided with her husband and five children in a one-room house or shack at Skellytown, Texas. Her husband left home about noon on the 16th of October, 1935. She put her children to sleep and retired that night about eight o'clock. One of the beds had been placed against the west door. She latched the east door when she retired for the night. She fell asleep and was awakened by some one pulling at her throat. Appellant asked her when her husband would return, and she replied that he might come at any time. She asked appellant what he was going to do. He said he was going to rape her, and he did so. He remained in bed and completed the act of intercourse in about three minutes. He told the prosecutrix that he would kill her if she moved or "squawked." After completing the act the appellant left the room. He used a flashlight in finding his way in the house and in making his escape. While appellant was holding the prosecutrix with one hand, he flashed the light around over the bed with the other hand. Finger-nail prints were left on the throat of the prosecutrix which were visible for some four or five days. The husband of the prosecutrix returned home about nine o'clock on the night of the alleged offense. On the trial the prosecutrix identified appellant as the person who had the flashlight in the room when she was assaulted.

The prosecutrix testified that she had never seen appellant before the commission of the alleged offense. After the assault the prosecutrix ran out of the house, barefooted and in her night gown and reported the matter to Mr. McBee, who resided next door.

McBee testified that after he had retired on the night of October 16, 1935, he was awakened about nine o'clock by the prosecutrix who came to his house and reported to him that a "man broke in on her and had choked her and also raped her." At that time she was attired in her night gown and was bareheaded and barefooted. He noticed that her neck was "awfully

red" at that time. He went to the home of the prosecutrix and then to town to look for her husband. The witness reported the incident to the officers and accompanied the constable in searching for the appellant.

Carroll, a constable, went to the home of the prosecutrix and obtained a description of the man who she said had assaulted her. The witness noticed that she was frightened; that her face was very red and that there were finger prints on her throat. As a result of his search, the officer found an International truck parked on a side street about a half block east of the home of the prosecutrix. The officer removed the switch key and the rotary arm from the truck. He watched the truck until after midnight and then went home. The next morning he found that the truck was gone. The witness took some identifying marks from the truck, that is, he took the license number and the motor number.

The appellant did not testify upon the trial but introduced in his behalf the witness, W. O. King, whose testimony was to the effect that about ten days or two weeks prior to the alleged offense he saw the prosecutrix at the home of one Johnny Brown. Several persons were present at the Brown home where they had a little drinking party. During the party the prosecutrix got drunk, fell down on the bed with a cigarette in her mouth, dropped it down on her and caught her clothes on fire. She asked the witness King if he knew the appellant, Scotty Shipp and said that "she was going to try to get Scotty Shipp in the penitentiary." On cross-examination the witness testified that he had served a term in the state penitentiary.

Complaint is made in Bill of Exception No. 1 of the action of the District Attorney in asking the prosecutrix what she did immediately after she had been attacked by the appellant. She replied that she ran to Mr. McBee, barefooted and in her night gown, and told him that there was a man broke in on her and they could guess the rest. The objection urged is that the testimony was self-serving and was not shown to be part of the *res gestae* and that it was a statement made out of the presence and hearing of the appellant. The bill is qualified by the court as follows:

"That the evidence in the case showed that the prosecuting witness, Vera Birdwell, immediately after the alleged act of intercourse, got up from her bed, bare-footed and in her night-gown and rushed over to the home of the witness McBee and had the conversation related herein and the Court is of the opinion (that it) is part of the *res gestae*."

As qualified, we think the bill shows no error.

In Bill of Exception No. 2 complaint is made of the question propounded by the prosecuting attorney to the witness. A. J. McBee touching what the prosecutrix said to him when she came to his home on the night of the alleged assault. The witness replied:

"Well, she came in the house there and said some one had broke in on her and asked me to go after her husband, and she said a man broke in on her and had choked her and also raped her."

The bill is qualified by the court with the statement that the conversation detailed was part of the *res gestae*, which conclusion is regarded as sound.

In Bill of Exception No. 3 complaint is made of the question propounded by the District Attorney to the witness A. C. Carroll (the constable) touching whether or not there were any marks or abrasions on the person of the prosecutrix when the witness saw her after the alleged assault. The witness replied:

"I first noticed she was frightened and her face very red, and you could see finger prints around her throat."

No error is reflected by the bill.

In Bill of Exception No. 4 complaint is made of the testimony of the witness Carroll relative to the International truck which was parked about a half block from the home of the prosecutrix on the night of the alleged offense and which truck had been removed the following morning. The evidence is assailed as a self-serving statement. The relevancy of the testimony is not perceived. However, its reception, considered in the light of the entire record, is not regarded such as would have affected the verdict of the jury.

Bill No. 5 reflects the complaint of the opening argument of the County Attorney wherein he addressed the jury as follows:

"This convict from Hutchinson County is the only witness the defense has presented which says a word against this good woman."

The contention is made that the argument quoted was a direct allusion by the County Attorney to the fact that the appellant had failed to testify. The appellant did not testify upon the trial but introduced in his behalf the witness W. O. King, whose testimony has heretofore been set out in the opinion. We will add that there is no averment showing that the appellant did not testify and in that particular the bill is inadequate

to raise the question presented. See Tex. Jur., Vol. 4, p. 396, sec. 264.

In Bill of Exception No. 6 complaint is made of the closing argument of the District Attorney to the jury as follows:

"What has the defense offered you in this case? Has the State made any effort to withhold any evidence in this case? The State has laid the facts in this case right out in the open before you. We have held nothing back."

In our opinion, no error is revealed by the bill.

In Bill of Exception No. 7 complaint is made of the refusal of the court to charge the jury on the law of circumstantial evidence. We do not think the evidence demanded such a charge. The prosecutrix positively identified the appellant as the man who assaulted her and who had a flashlight in his hand at the time.

Perceiving no error justifying a reversal of the conviction, the motion for rehearing is overruled.

*Overruled.*