### FANN BRIGGS v. THE STATE.

No. 18864. Delivered March 17, 1937.

The opinion states the case.

*J. Webb Stollenwerck*, of Hillsboro, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for theft; punishment, four years in the penitentiary.

The facts are amply sufficient to support the judgment. Twelve hogs belonging to Stevens were taken from his place near Covington in Hill County. He missed them the next morning, and got them back that afternoon at Godley, in Johnson County, where they were in possession of the constable. Smith testified that about 11 o'clock the night the hogs were taken he saw appellant at Godley. Appellant had broken a wheel on a trailer, and came back to Godley to get a wheel. The night-watchman went with appellant to Penney's place where he got the wheel. He told witness his trailer was on highway 122 out west of town. The constable testified that on the night in question he saw a trailer about two miles west of Godley. While witness was inspecting the trailer and its contents, which he found to be hogs, appellant came driving up and stopped. Witness asked him if the hogs and trailer belonged to him and he said they did. Witness asked him how he come in possession of them, and appellant said he bought them in Alvarado, and in reply to further questioning he said he bought them from Fred Burks. The trailer was broken down, and appellant had an extra tire and wheel in his car. The constable told appellant he could work on the car while he was gone to town to telephone and see if he could locate the man from whom appellant bought the hogs. The constable and night-watchman left and drove to Godley, and when they came back presently the trailer and the wheel were there but appellant and his car were gone. The watchman had asked appellant what his name was and he said it was Perry Campbell. There were twelve head of hogs in the trailer, and these hogs were identified by Mr. Stevens as his property. Investigation at Alvarado failed to disclose any man living near there named Burks. A witness testified that he saw the car and trailer attached when it came through Godley, before the wheel was broken down. It was attached to the same car in which

appellant was when he came back from Godley with the wheel. Another witness testified that appellant told him he had cattle in the trailer, and that he was going to Wichita Falls. There is much other evidence, all of which overwhelmingly shows appellant to have been in the recent possession of stolen property, and that his explanation as to how he came in possession of same was untrue.

There are four bills of exception in the record, each of which is qualified by the trial judge, there being no exceptions to any of the qualifications. Bill No. 1 was taken to the refusal of a continuance sought in order that a co-indictee might be first tried,—the supposition being that he would be acquitted and appellant could use his testimony. This bill is qualified by a statement of the trial court that both parties made application for continuance, and having granted the one made by appellant's codefendant, sought for the same reason, the court did not feel he was at liberty to continue the case of appellant. The bill reflects no error.

Bill of exceptions No. 2 brings forward appellant's objection to testimony as to things said by appellant regarding his ownership of the hogs in the trailer, the objection being that there were not sufficient facts to show appellant in the actual care, management and control of the hogs. We do not think there is anything to this complaint. Appellant repeatedly asserted that he owned and possessed, and clearly he had the care, management and control of said hogs.

Bill No. 3 brings forward objection to permitting the constable and night-watchman to testify to statements made to them at the time they found appellant at the trailer and in possession of the hogs. If we understand the bill, the ground of objection is that appellant was under arrest. The facts do not support such claim. The officers not only did not arrest appellant but they left him at the car with the hogs while they went back to Godley to investigate the truth of his statement. While they were gone he apparently ran away or left that spot.

Not being able to agree with appellant in any of his contentions, and finding no error in the record, the judgment is affirmed.

*Affirmed.*