ERNEST NUTT v. THE STATE.

No. 22080. Delivered April 15, 1942.

The opinion states the case.

*T. B. Bartlett,* of Marlin, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Cattle theft is the offense; the punishment, three years in the State penitentiary.

By Bill of Exception No. 1, it is made to appear that, at the time of this trial, there were then pending against appellant, on the docket of the trial court, nine separate cases, in numerical order, in each of which cases he was charged with theft of cattle. The instant case was the last one appearing, it having the highest number. Upon the call of this case for trial, appellant moved for a postponement thereof, or that, in lieu of a postponement, the cases be called and disposed of in their numerical order. The reason assigned for such request was that he had been able to prepare for trial in only the first two cases, assuming that the cases would be called in their numerical order. It is insisted that the action of the trial court in overruling such motion was error.

It will be noted that the application, in so far as it asked for a postponement, did not constitute a statutory motion for a continuance; nor did the motion assert or claim that appellant was not guilty in the other cases, nor that he expected to be acquitted upon the trial thereof.

The facts here presented are similar to those before this court in Moore v. State, 251 S. W. 1086, 94 Tex. Cr. R. 489, wherein it was held that, in the absence of any injury, it is not error to call cases for trial out of their numerical order. See also: Todd v. State, 121 S. W. 506, 57 Tex. Cr. R. 15, 57 Tex. Cr. R. 26; Simpson v. State, 97 Tex. Cr. R. 57, 263 S. W. 273; Cloninger v. State, 274 S. W. 596, 101 Tex. Cr. R. 1.

According to the testimony for the State, one head of cattle was taken from the pasture of the injured party, under circumstances constituting theft of the animal. The next day after the theft was discovered, the stolen animal was found in the possession of the witness Shaunfield, who explained his possession thereof by saying that he purchased same from the appellant. The time fixed for this transaction was the morning of the day the theft was discovered in the afternoon. Shaunfield inquired of appellant as to where he got the animal, to which appellant replied that "he bought it off of a truck." He (appellant) gave no further or better description of the alleged seller.

The appellant did not testify as a witness in his own behalf.

The facts are sufficient to warrant the conviction. Briggs v. State, 103 S. W. (2d) 373, 132 Tex. Cr. R. 145.

Appellant insists that, under the facts stated showing that he explained his possession of the stolen animal by saying that he purchased the same off a truck, this was sufficient to call for a charge upon explanation of possession of recently stolen property, and that his special requested charge thereon should have been given.

The trial court instructed the jury that, if they entertained a reasonable doubt that the appellant bought the animal off a truck, to acquit him, thereby making an affirmative presentation of the sole and only defensive theory. This court has re-

peatedly held that, where the defensive theory of explanation of possession by the accused is properly presented to the jury, same is sufficient. Fiveash v. State, 67 S. W. (2d) 881, 125 Tex. Cr. R. 345, and authorities there cited.

Bill of Exception No. 3 complains of argument of the district attorney, which, appellant claims, was a reference to his failure to testify, and to which he objected upon that ground. In the light of the trial court's qualification to the bill of exception, the language employed by the district attorney did not constitute a reference to the appellant's failure to testify as a witness in his own behalf. Moreover, the bill of exception on this subject is insufficient to present the question for our consideration, because it does not certify that the appellant did not in fact testify as a witness in his own behalf upon the trial of the case—a necessary prerequisite to a valid bill of exception to argument claimed to have been a reference to the failure of the accused to testify. A mere statement of a ground of objection is not sufficient to constitute a certificate of such fact. Hughes v. State, 35 S. W. (2d) 161, 117 Tex. Cr. R. 220; Hancock v. State, 57 S. W. (2d) 111, 123 Tex. Cr. R. 16; Bonner v. State, 90 S. W. (2d) 250, 129 Tex. Cr. R. 597; Shipp v. State, 103 S. W. (2d) 976, 132 Tex. Cr. R. 274.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.