## FRANK HOWARD JOHNSON V. STATE.

No. 24429. June 22, 1949.
Motion For Rehearing Overruled (Without Written Opinion)
October 26, 1949.

*Sisco & Sisco,* McKinney, and *Floyd Harry,* Farmersville, for appellant.

*Paul Worden,* Criminal District Attorney, and *Maurice E. Wright,* Assistant Criminal District Attorney, McKinney, and *Ernest S. Goens,* State's Attorney, Austin, for the state.

GRAVES, Judge.

Appellant was charged with the unlawful killing of Prentice Williams, and upon a conviction for murder without malice, he was given a penalty of five years in the penitentiary and he appeals.

On September 1, 1948, one, Prentice Landres, was the proprietor of the Green Leaf Cafe in McKinney, Texas. Several Negro men were in such cafe at night gambling with dice, and an argument arose relative to a nickel between James Mason and the deceased. Finally, appellant entered into the argument, and the talk became rather heated. Prentice Landres ordered all parties to leave, stating that he was closing up. All left except Landres, appellant, and the deceased. As appellant and deceased were approaching the door in leaving, appellant stabbed deceased with a knife which entered, on the left-hand side of the chest near the clavicle bone and severed an artery as well as a vein. This wound caused the death of deceased.

Appellant proved a good reputation for himself and a bad reputation for the dead man. He testified to previous difficulties with deceased and to an attack upon himself at the time he stabbed deceased who, according to the testimony of one witness, was very drunk at the time he was stabbed. Appellant pleaded self-defense as well as threats and previous ill-will upon the part of the deceased.

There is practically only one question presented here for review which is based upon appellant's bills of exception Nos. 1 and 7, they being the only bills in the record. They relate to the overruling of the appellant's motion for a continuance herein, as well as his motion for a new trial on the ground of newly discovered evidence.

It is shown by the record that on September 13, 1948, appellant was indicted by the grand jury of Collin County for this alleged offense; that on October 28th this cause was set for trial on November 8, 1948. On November 3rd, appellant filed his application for many witnesses, setting forth therein the name of James Mason, among others, giving the residence of such witness as McKinney, Collin County. On the same day,

the sheriff of Collin County made his return on such subpoena, showing many witnesses served, and among others, that as to James Mason, unexecuted, whose residence was Denison, Texas. This subpoena, together with its return thereon, was filed on November 4, 1948, at which time appellant could have had notice of the residence of his desired witnesses. It is noted, however, that no further application was made for a subpoena for such witness, but four days after such subpoena was filed, on November 8th, appellant's case was called for trial on the day previously set, and appellant filed this application for a continuance, which was overruled. In such application no mention was made relative to an expectation of Mason testifying to having seen the deceased pull a knife out of his pocket, open the same, and again place it in his pocket. The only thing set forth in such application, as expected to be elicited from Mason, was that before the killing, he heard deceased curse and abuse the defendant and threaten to kill and to have him (appellant) killed within five minutes.

There was no further inquiry shown relative to the summoning of Mason after November 4th, and none made during the trial on November 8th, which lasted two days. It was also shown that Denison was only 40 miles from McKinney, on an excellent road; and an inquiry of the sheriff or the district attorney would have confirmed the place of residence of the desired witness, James Mason. The trial court held that appellant was lacking in diligence in not ascertaining the exact whereabouts of the desired witness, and we think he was correct in overruling such application.

The granting of a continuance, either the first or a subsequent one, is not a matter of right. Branch's Ann. P. C., p. 183, sec. 306. A defendant has the burden of showing diligence in ascertaining the whereabouts of the desired witness. Branch's Ann. P. C., p. 186, secs. 314-315,. and such application should show distinctly the diligence used. Idem. If a subpoena is returned not served, but giving information of the whereabouts of the absent witness, the diligence is sufficient if the prompt issuance of new process would probably have secured the attendance of such witness. See Todd v. State, 57 Tex. Cr. R. 26, 121 S. W. 506. In the above case, the same reason was given by that attorney as was given by this attorney for not requesting an additional subpoena, and such reason was that such attorney was too busy; he did not look at the returned subpoena until the morning of the trial. Prior to the trial, he did not ask

other witnesses who knew Mason's address until after the trial, but seemed content to rest on his motion for a continuance.

Again, we think the court could have found that the proposition relative to the deceased having a knife open in his pocket was probably not true. No other witness saw such knife, and none was found on deceased's body nor near the same. A small knife was left by deceased that morning in the home of a relative and deceased talked to appellant after he was cut and was bleeding internally, and appellant said to deceased: "I guess that will hold you," and deceased replied, "Yes, buddy, I believe you've got me."

Two police officers were summoned relative to this disturbance, and they went to the wrong place, the Crow Building, and found no one there, but they did see appellant, and asked him if he knew about any trouble down there, and he said he did. One of the officers asked him what happened, and appellant said: "I just fixed old Prentice Williams. I done a good job of it, I think." They afterwards arrested him and found in his pocket the knife which was introduced in evidence.

A lack of diligence is also present in failing to find out the newly discovered evidence of James Mason. Many witnesses testified that Mason was present at the beginning of this trouble, and it is shown by the record that two of such witnesses knew of Mason's whereabouts, and for whom he worked, as well as the sheriff and the district attorney, from anyone of whom this address could have been ascertained.

We think the trial court was correct in overruling this motion for a continuance, and also in overruling the motion for a new trial therein.

The judgment will therefore be affirmed.