### ROBERT WEAVER V. THE STATE.

#### No. 728.   Decided March 26.

1.  Continuance—Absence of Counsel.—Where, on an application for continuance on account of the absence of counsel, it is made to appear that said counsel, if he had ever been employed by defendant, had withdrawn from the case without prejudice to defendant's rights, and that the defendant had other counsel to defend him on the trial, *Held*, the court did not err in overruling the application.

2.  Same—Absent Witness—Diligence.—An application for continuance for a witness who resides in another county is wholly defective as to diligence which fails to show when the attachment was issued for said witness, and an application for continuance is also properly overruled when it is apparent that the proposed testimony of the witness is not probably true.

APPEAL from the Criminal District Court of Harris.   Tried below before Hon. E. D. CAVIN.

This appeal is from a conviction for theft of one head of cattle, the property of one J. H. W. Cobb, the punishment of appellant being assessed at a term of two years in the penitentiary.

No statement necessary.

No briefs for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—The appellant was tried and convicted of theft of one head of cattle, and his punishment assessed at two years in the penitentiary, and from the judgment of the court he prosecutes

this appeal. The appellant assigns as error the overruling of his motion for a continuance. Said motion contains two grounds: (1) The absence of defendant's counsel, Lock McDaniel; (2) the absence of the witness Cherry.

As to the first, it appears that what McDaniel did in the case was voluntarily done, without any employment, and if he ever was of counsel for defendant, he had withdrawn from the case. The defendant had counsel to defend him, and the withdrawal of McDaniel does not appear to have prejudiced his rights.

As to the witness Cherry, it is not shown when the attachment for said witness, who is alleged to have resided in Angelina County, was issued, and consequently no diligence was shown; and judging from the judge's qualifications to defendant's bill of exceptions, if said witness would have testified as stated by defendant in the motion, it was not probably true.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.