ABE CLARK v. THE STATE.

No. 280. Decided January 12, 1910.

Burglary—Continuance—Insufficient Showing.

Where, upon trial for burglary, defendant's application for continuance was entirely indefinite, and did not show as to when the alleged process was issued, and was totally insufficient in the terms of the law, there was no error in overruling the same.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. Robert B. Seay.

Appeal from a conviction of burglary; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—This conviction was for burglary, the punishment being assessed at five years confinement in the penitentiary.

The witness Walker, alleged owner of the burglarized house, stated that he lived on a farm five miles from Dallas; that on the 10th of April he and his wife came to the city; that as they were leaving their house they met appellant and another boy about 400 yards from their residence; that they lived on the Caruth farm. They returned about 6 o'clock that evening, found their house had been entered and the clothing of his wife and daughter taken. That a bed which was used as a prop to one of the doors had been pushed aside, and by this means entry had been made. His wife locked the door; witness did not lock the door, but shut down the windows, and all the rest of the doors and windows were closed by him except one door, which was locked by his wife. They recovered two of the children's dresses from Bell Newsom. Other witnesses testified to the fact that appellant went to the Walker house, or within seventy-five feet of it, to the well and got a drink of water; that the other boy mentioned was with him at the time; that they went from there up a little branch. Bell Newsom testified that she knew the defendant, and he sold her two dresses that later on a negro woman claimed; that he came to witness' house, and had the dresses and some other things, and wanted to sell them to witness, and witness would not buy them at first, but finally did buy the two dresses. She identified appellant as the party who sold them. This was on the day of the alleged burglary. Appellant testified in his own behalf, and introduced other witnesses to prove an alibi, the substance of which was that he spent the day in the city of Dallas, which is shown to be five miles from the Caruth farm, and that he was not at the place of the burglary on the day alleged. That he was at 109 Hawk Street, and at the railroad, and that he did not leave there all day; that several parties, boys whose names he gave, were with him, and played with him on the railroad all that day. He denied selling Bell Newsom a dress or anything else.

1. Appellant reserved a bill of exceptions to the action of the court overruling his application for continuance. The application

itself is not in the record. The bill of exception recites that defendant caused subpoenas to be issued for Charlie Armstrong, Clarence Edwards, who reside at 111 Hawk Street, Dallas, Texas; Ella Clark, Louisa Bingham, both reside at 109 Hawk Street, Dallas, Texas, both of whom were temporarily out of the city at the time of the trial, and Isaac Giles, also at 109 Hawk Street. That each of these witnesses would have testified that the defendant was in their company on that date at different times of the day, and that he would not have had time to go ten miles in the country and commit the offense of burglary. This bill is too indefinite to show any error on the part of the court. It does not show when the process was issued, or anything in connection with it. The statement in the bill is that he issued subpoenas for the following named witnesses, by whom he expected to prove that he was not at the place where the alleged burglary took place, but was at a different place at the time of the commission of the crime of which complaint was made, and that by these witnesses he could prove he was with them at different dates on that day. In fact, the bill of exceptions fails to show that he complied with the terms of the law otherwise than the bare statement that he had issued process. It does not allege or show in the bill that they were not absent by his procurement or consent, or that the application was not made for delay. In fact, the matter is too indefinite to require consideration in the absence of the application for continuance.

We are of opinion the evidence is sufficient, and the judgment is affirmed.

*Affirmed.*