# JANUARY, 1925.

ENNIS TINKER V. THE STATE.

No. 8467.   Delivered January 14, 1925.

Rehearing denied March 4, 1925.

1.—Rape—Continuance—Subsequent Application—What is.

Where an application for a continuance is presented and refused, cause tried and appealed to this court, and by this court reversed and remanded, an application for a continuances made thereafter by appellant is not a first, but is a subsequent application, and must conform to every statutory requisite for subsequent applications, in the absence of which such subsequent application is properly refused.   See Sub-div. 1, Art. 609, C. C. P.

2.—Rape—Witnesses—Enforcing the Rule.

Where the state counsel had violated the rule as to witnesses, at a former trial, which error caused the case to be reversed, it was not necessary for the trial court at the subsequent trial to warn the District Attorney not to again violate the rule, and his refusal to do so, at the request of appellant, presents no error.

3.—Rape—Witnesses—Violating Rule—Subsequent Trial.

Where the rule for witnesses has been violated by the state at a former trial of the cause, this does not operate as a bar to the use of such witness at a subsequent trial of the cause.

4.—Same—Evidence—Of Clothing Found—Admissible.

It was not error for the trial court in this case to admit the testimony of witness that she had found in the room of her hotel occupied by prosecutrix and appellant, a "little pair of panties, a small pair of drawers of a child," the morning after the commission of the alleged offense.   This evidence was properly admitted, as corroborative of the prosecutrix.

5.—Same—Evidence—Acts of Appellant—Properly Admitted.

The trial court did not err in the admission of testimony to the effect that appellant had secured, and given to prosecutrix some whisky on their way to Atlanta, where the offense is alleged to have occurred. Our reasons for holding such evidence admissible were fully set out in the opinion on the former appeal, reported in 95 Tex. Crim. Rep. 143, 253 S. W. 531, and in the companion case of Adams v. State, 95 Tex. Crim. Rep. 226, 252 S. W. 797.

99 Tex. Crim.—24.

6.—Same—Evidence—Statements of Prosecutrix.

Where appellant offered to prove by the witness H. L. Thompson that prosecutrix had made a statement in his presence before the trial, that appellant had not had intercourse with her in the hotel room at Atlanta, which was at variance with her testimony on the trial, and no predicate had been laid for such impeaching testimony, and further that when testifying prosecutrix admitted having made all of the statements attributed to her by said Thompson, such testimony was properly excluded, and no error is presented.

7.—Same—Evidence—Declarations Made in Appellant's Presence—Admissible.

It was not error to permit prosecutrix to testify as to statements made to her by Adams in the presence of appellant intended to induce her to deny the commission of the offense against her by appellant, and to induce her sister to deny the commission of a like offense against her by Adams. This testimony was clearly admissible as explanatory of the reasons for the story first told by the girls, in which they denied that Adams and appellant had been guilty of improper conduct with them. (See Adams v. State, 95 Tex. Crim. Rep. 226, 252 S. W. 797.)

8.—Same—Evidence—Proof of Age—Hearsay Admissible.

Where in a trial for rape, it is shown that the mother of prosecutrix is dead, statements made by her during her life time to the scholastic census taker, as to the age of prosecutrix, are admissible.

9.—Same—Proof of Age—Scholastic Census—Admissible.

The records of the scholastic census taken in compliance with the laws of the state, are admissible in evidence to establish the age of a child, when properly authenticated. See Ford v. State, 82 Tex. Crim. Rep. 638; Mirales v. State, 83 Tex. Crim. Rep. 608, 204 S. W. 841.

10.—Same—Witness—Refreshing Memory—When Permissible.

It is a well settled rule of evidence that if a witness has no present recollection of the facts, if he is able to refer to data which he knows was correct at the time it was made, the data may be used to prove the fact, even though at the time of the trial the witness has no recollection of the fact. See cases collated in this opinion.

11.—Same—Charge of Court—Issue Not Raised—Properly Refused.

It is well settled that it is not incumbent on the trial court to submit in his charge to the jury an issue that is not raised by the evidence. In the instant case there was no issue raised by the testimony, of an assault with intent to rape or of an aggravated assault, and the court properly refused the special charges requested by appellant, submitting those issues, and the judgment is affirmed.

ON REHEARING.

12.—Same—Affidavit Filed on Appeal—Not Considered.

Where on a motion for a rehearing, an affidavit bearing upon the trial in the court below is presented, it will not be considered by this court, however persuasive such affidavit might be with the Executive Department of the State.

Appeal from the District Court of Cass County.   Tried below before the Hon. Hugh Carney, Judge.

Appeal from a conviction of rape; penalty, five years in the penitentiary.

The opinion states the case.

*I. N. Williams,* of Mt. Pleasant, *C. R. Newland,* of Linden, *B. B. Sturgeon,* of Paris, for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Appeal is from a conviction for rape upon Maggie Ray who is alleged to have been under fifteen years of age. The punishment is five years in the penitentiary.

It is claimed by the state that one Adams and appellant took Naomi Ray and Maggie Ray from their home in Mount Pleasant in an automobile to Atlanta where they spent the night in a hotel, all occupying the same room; that Adams had intercourse on this occasion with Naomi, and appellant with Maggie, both girls being under fifteen years of age. We think it unnecessary to here set out more in detail the evidence. A former judgment of conviction against appellant was reversed, the opinion being reported in 95 Texas Crim. Rep. 143, 253 S. W. 531. Adams' case is reported in 95 Texas Crim. Rep. 226, 252 S. W. 797. Reference is made to both cases for additional facts.

Appellant complains at the action of the court in refusing what he terms a ''first'' application for continuance. The record shows that a continuance was sought by him when the case was tried at a former term but was overruled; that the judgment of conviction then secured was reversed. Appellant seems to proceed upon the theory that the present application being the first one presented since the reversal it should be regarded as a ''first'' request for continuance under the statute. (Art. 608 C. C. P.,) His view of the matter is in conflict with the former holdings of this court. Bice v. State, 55 Texas Crim. Rep. 529, —— S. W.; Miller v. State. 42 Texas Crim. Rep. —— S. W. —— The application being a ''second'' request for continuance is fatally defective in omitting to aver that the testimony expected from the absent witnesses could not be procured from any other source known to appellant. (See Sub-div. 1, Art. 609, C. C. P.) Many cases are collated in Branch's Ann. P. C. Sec. 310, holding that an application for continuance must contain every statutory requisite, especially if it is a subsequent application.

At the former trial of this case the representative of the state, in violation of the ''rule'' as to witnesses which had been invoked, conferred with Naomi Ray and Maggie Ray together, after which conference both girls testified to the bloody and sticky condition of the private parts of Maggie Ray on the morning after the alleged offense. Because of the violation of the rule the judgment of conviction was reversed upon the former appeal. Upon the present trial appellant sought to have the court instruct the district attorney to refrain from asking of said witnesses about the condition of the

private parts of Maggie Ray the next morning after they spent the
night with Adams and appellant at the hotel in Atlanta. The re-
fusal of the court to comply with such request is made the basis of
complaint. There is no pretense that any violation of the rule
occurred on the present trial. The state suffered the penalty of a
reversal for violating the "rule" upon the former trial for the
reasons fully set out in the opinion on rehearing. (See 95 Texas
Crim. Rep. 143, 253 S. W. 531.) The position of appellant seems
to be that if the state is appraised of evidence in a conference with
witnesses had in violation of an order of the court placing them
under the "rule", then the state should be permanently debarred
from using such evidence even on a subsequent trial. We have been
referred to no authority sustaining such a proposition, and the con-
tention does not appeal to us as being sound.

Mrs. J. P. Carnahan was the proprietress of the hotel in Atlanta
at which the parties spent the night. The state reproduced her
evidence given at the former trial. Appellant objected to that part
of her testimony in which she stated that the next morning after the
four parties occupied the room she personally cleaned it, and found
therein a "little pair of panties, a small pair of drawers of a child."
the objection urged being that there was no identification of the
article in question. We think the objection without merit. Prose-
cutrix testified that she was wearing drawers when she went to bed,
and that she had none on the next morning, they having been re-
moved during the night, presumably by appellant; that she left the
hotel next morning without having put them on again. Mrs. Carna-
han's evidence was properly received as corroborative of prosecutrix.

Complaint is again urged because the state proved that while on
the way to Atlanta Adams secured some whiskey. It is shown that
all parties drank of the whiskey and the prosecutrix, Maggie Ray,
says the reason her memory was indistinct about the things which
occurred when they first went to the hotel at Atlanta was because
she was under the influence of the liquor. Our reasons for holding
such evidence properly admissible were fully set out in the opinion
on the former appeal, and in the companion case of Adams v. State.
We entertain no doubt that our views then expressed were correct.

Appellant offered H. L. Thompson as a witness who would have
testified that prosecutrix made a statement in his presence denying
that appellant had, or attempted to have, intercourse with her in
the hotel room at Atlanta, which statement was at variance with
her testimony of the trial. The court qualifies the bill, stating
that no predicate had been laid for such impeaching evidence,
and further that when testifying prosecutrix admitted having made
all of the statements attributed to her by said Thompson. As thus
explained the bill is without merit.

It appears from the record that the father of Naomi and Maggie Ray had been sent to the penitentiary for some offense, but was out on parole at the time of the alleged rape of Naomi by Adams and of Maggie by appellant.  Maggie testified that after they reached Texarkana the next day after the night spent at Atlanta all four of them went to a rooming house, and that appellant and Adams both told her there if the officers caught them not to tell anything; that "they would kill us if we told anything and would send our daddy back to the penitentiary. "   Naomi testified that while they were all in the room at Texarkana Adams, in the presence and hearing of appellant, told witness "if the 'cops' picked them up to tell that they all had got two rooms, and we slept in one and the men slept in another room, and told us what to say if they caught us, and told us that he would kill us and send our daddy back to the pen if we didn't tell it like he said;" that Adams was doing the talking and appellant was listening.  The objections urged to this testimony are entirely without merit.  It was explanatory of the reasons for the story first told by the girls in which they denied that Adams and appellant had been guilty of improper conduct with them.  If appellant used the language attributed to him by Maggie it was a direct effort by him to suppress information of the alleged offense; if Adams was doing the talking in appellant's presence it was the same purpose in view, and to the end of protecting both of them.  (See Adams v. State, 95 Texas Crim. Rep. 226, 252 S. W. 797.)

D. F. Sims was permitted to testify that he was scholastic census taker for the years 1917 and 1918, and as such took the census of the Ray family for both of said years, the information as to the age of Maggie Ray being given him by the mother; that separate cards were used for each family; that from the cards witness made a consolidated roll showing the ages of the children as it appeared on the cards; that the original cards were turned over to the County School Superintendent, but had been lost in moving the office.  The evidence showed proper search for them where they should have been kept.  Witness had with him in court the consolidated roll made by him from the cards.  He testified that he thought he put the ages down correctly as given by Mrs. Ray, and had correctly transferred it to the consolidated rolls, but that he was only human and made mistakes sometimes.  He had no independent recollection of what Mrs. Ray told him as to Maggie's age, and could only go by the record.  The bill recites that over the objection that it was hearsay the state was permitted "to introduce in evidence the consolidated rolls for 1917 and 1918 which showed Maggie Ray in 1917 to be 7 years of age, and in 1918 to be 8 years of age."  The court's qualification to the bill is to the effect that the witness refreshed his memory om the consolidated roll, or register, and then testified as to what

Mrs. Ray told him concerning the child's age. In either event we think no error occurred. The mother of prosecutrix, Mrs. Ray, was dead. It is unquestioned that Mr. Sims secured the information forming the basis of the data from the mother of prosecutrix. The mother having died her statements made as to the age of prosecutrix appear to be admissible upon that issue as an exception to the rule against hearsay evidence. Donley v. State, 44 Texas Crim. Rep. 428; Nunn v. Mays, 9 Texas Civ. App. 366, 30 S. W. 478; Tull v. State, 55 S. W. 61; Sheppard v. State, 56 Texas Crim. Rep. 604; Sorrell v. State, —— Texas Crim. Rep., —— 167 S. W. 356. It also seems to be well established that if a witness has no present recollection of the facts, if he is able to refer to data which he knows was correct at the time it was made, the data may be used to prove the fact, even though at the time of the trial the witness has no independent recollection of the fact. Kimbrought v. State, 28 Texas Crim. App. 367, 13 S. W. 218; Stringfellow v. State, 42 Texas Crim. Rep. 588, 61 S. W. 719; Arnwine v. State, 54 Texas Crim Rep. 213, 114 S. W. 796; Misher v. State, 69 Texas Crim. Rep. 223, 152 S. W. 1049; Putman v. United States, 162 U. S. 687, 16 Sup. Ct. 923, 40 L. Ed. 1118. We would further call attention to articles 2774 and 2775 R. C. S. which requires the scholastic census to be taken, and also requires the census taker "to make a summary of his rolls showing the number of children of each race that will be of the different ages over seven and under seventeen, etc." He is required to make oath as to the accurate discharge of his duties, and deliver the rolls to the county superintendent. It is made the duty of the latter (Art. 2776 R. C. S.) to preserve the rolls in his office. It will be seen that these become public records by statutory enactment, the census being taken at the command of the law itself. We quote from Sec. 310k, Vol. 1. p. 603, Wharton's Crim. Ev., relative to such records:

"As we have seen, courts take judicial knowledge of the census authorized by the laws of the State or the United States; certified copies of census returns of the Federal government are admissible in evidence upon the question of the age of a citizen deceased since the return was made. So, under statutes, these documents, being official registers, are admissible in evidence in so far as they contain statements which the law requires should be inquired into, reported upon, and then recorded, on the ground that examination of such statutes will disclose that as to each census the enumerator was required by the law itself, and not merely by the direction of his superior officer, to investigate and record the particular matters which are shown in the abstact for that census, and that this investigation was to be made, where practicable, by inquiry from the head of the household in question. These records, therefore, are not simply public records, made for the express purpose of ascertain-

ing and preserving proof of the facts there contained, but are records made by an officer, under his official oath, of declarations as to matters of pedigree, by persons whose declarations are competent proof upon that subject.''

Mr. Wharton collates in notes under the section referred to many authorities supporting it. See also Vol. 9 Am. & Ency Law, 2d Ed., p. 883. In Vol. 3, Sec. 1671, Wigmore, is found this statement: ''If by special authority a local census is taken for the express purpose of registering individuals it would become admissible.'' Newman v. Doe, 4 How. Miss. 522, 554. The subject is considered at length in Priddy v. Boice, a Missouri case reported in 99 S. W. 1055 and in L. R. A., Vol 9, (N. S.) 718. In line with the quotation from Wharton is Greenleaf on Evidence, 13th Ed., Secs. 483 and 484. The principle relative to proof of age by census reports and other records of birth required by law to be kept is not without recognition in our own court. (See Ford v. State, 82 Texas Crim. Rep. 638, 200 S. W. 841; Mireles v. State, 83 Texas Crim. Rep. 608, 204 S. W. 861). The record in the present case showing affirmatively that the mother of prosecutrix could not be called as a witness because of her death prior to the trial, we perceive no error upon the part of the learned trial judge relative to Mr. Sim's evidence, nor as to the census records made from information furnished him by her as to prosecutrix's age.

Upon examination in chief Maggie Ray testified as follows:

''I know what is meant by a man's private parts and my private parts. He (appellant) put his private parts to mine, and he started to put his private parts into my private parts and it hurt and I woke up; he started to and I woke up. I don't know,—I don't remember how far he got his private parts into mine; it hurt me; I don't know how long he was trying to get his private parts into mine, but I woke up as quick as it commenced to hurt me. I know what is meant by having intercourse, and he had intercourse with me that night.''

The witness was not cross-examined as to intercourse or penetration  The district attorney later recalled the witness and asked her if she knew what penetration of the female organ by the male organ was, to which she replied in the affirmative, and then testified that appellant penetrated her female organ on the night in question with his male organ. There is no merit in the objection urged to the evidence given by said witness when recalled that it was her ''opinion and conclusion.'' It appears to be a ''fact'' to which she was testifying, and one which she was certainly in a position to have knowledge of.

We would not have set out the foregoing evidence if it had not been pertinent to complaints relative to the charge to which we now refer. The charge was excepted to because it contained no instruc-

tion upon assault with intent to rape or upon aggravated assault, and special charges upon these subjects were requested and refused. The complaints are brought forward in bills number 11, 12, 13 and 14. Appellant denied in toto any improper conduct towards prosecutrix. He averred that he did not have intercourse with her, nor attempt to do so, nor do anything upon which a charge of aggravated assault could be predicated. It is appellant's contention that the evidence of the state raised the issues. It was the opinion of the learned trial judge as reflected in his explanation to bill of exception number eleven that the evidence of prosecutrix as heretofore detiled, if believed by the jury, showed complete penetration, hence making out the offense of rape; on the other hand, if the jury did not accept as true her story that appellant was entitled to this effect. After a careful examination of all the facts in evidence we are in accord with the view of the trial court, and think no error was committed in omitting to charge upon assault with intent to rape and aggravated assault.

The only remaining bill relates to some complaint of the sheriff summoning additional jurors after the special venire was exhausted. We have examined it and find no merit in it.

The judgment is affirmed.

*Affirmed.*

MORROW, Presiding Judge.—In assailing the correctness of the opinion of affirmance, appellant contends that there was error in refusing to submit the issue of assault with intent to rape.

Our re-examination of the matter in the light of the motion for rehearing leaves us of the opinion that the offense, if any, was rape and that there was no evidence of a lower grade of assault requiring a reversal of the judgment.

The affidavit taken subsequent to the trial and accompanying the motion might have some weight with the Executive Department of the State, but has no place in the record on appeal.

The motion is overruled.

*Overruled.*