The judgment is reversed, and the cause remanded.

## BEST v. STATE.
### No. 13479.

Court of Criminal Appeals of Texas.

May 7, 1930.

Rehearing Denied June 11, 1930.

John Marable, of Lubbock, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

### LATTIMORE, J.

Conviction for possessing intoxicating liquor for purposes of sale; punishment, one year in the penitentiary.

The record is here without any statement of facts. There is but one bill of exceptions, which complains of the refusal of a continuance. This bill is qualified by the court and shows no error.

The judgment will be affirmed.

### On Motion for Rehearing.

### HAWKINS, J.

There is now on file in this court a statement of facts, and a sufficient showing made excusing appellant and his attorney of negligence in regard to the matter, and which also warrants consideration of the bill of exception.

Under authority of a search warrant, officers found in a safe in appellant's place of business two gallons and a pint of whisky, which was in one-half gallon jars, quart jars, and pint bottles. According to the officers' version, appellant denied having any whisky there and said he had no key to the safe, telling them there was only one key and his son who had that was in Mexico. The officers took a key from appellant and unlocked the safe. Upon the trial appellant denied having made the statement about the key attributed to him by the officers, admitted ownership of one bottle of whisky, and denied any knowledge of the presence of the remainder until about 9 o'clock on the morning of the search, when he found it in the safe, and claimed not to know who put it there or to whom it belonged.

The only bill of exception complains of the refusal of continuance. The application for continuance is fatally defective. It avers that appellant "filed his application to have Jim Vaughan of Vernon, Texas, subpoenaed as a witness in his behalf." There is no averment that process was issued, and if so to whom it was mailed or delivered. Buie v. State, 1 Tex. App. 455; Atkins v. State, 11 Tex. App. 17; Cooper v. State, 7 Tex. App. 194; Williams v. State, 10 Tex. App. 114; Collins v. State (Tex. Cr. App.) 26 S.W.(2d) 1074, 1075; Branch's Ann. Tex. P. C. p. 186, § 314.

The evidence being ample to support the judgment, and there being no error in denying the continuance, the motion for rehearing will be overruled.