T. N. Holder v. The State.

No. 13453.   Delivered October 8, 1930.

Reported in 31 S. W. (2d) 637.

The opinion states the case.

*Smith & Smith* of Anson, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for possession of mash and equipment for manufacturing intoxicating liquor, punishment being one year in the penitentiary.

The denial of appellant's application for continuance was not error. The application fails to show whether process was ever issued for the absent witness, or what became of it if issued.   Buie v. State, 1 Tex. Cr. App. 453; Cooper v. State, 7 Tex. Cr. App. 194; Collins v. State, 26 S. W. (2d) 1074; Best v. State, 28 S. W. (2d) 803; Branch's Ann. Tex. P. C., page 186, Sec. 314.

Officers were searching for a still.   Sheriff Hudson approached a vacant house and saw appellant come around it; after looking around a little while appellant picked up a piece of tin and carried it past the house and into the brush.   The sheriff followed to within about fifteen steps of where appellant and another party were talking and apparently working around a still.   The sheriff waited until his deputy came up from the other side.   Neither of them saw appellant doing anything.   He was sitting by the still; Carter, appellant's companion, seemed to be adjusting the burner.   When the sheriff got to the still the piece of tin appellant was seen to pick up was setting up edge-wise on the north side of the fire, or burner.   Appellant said nothing; Carter said, "Well, by G— you got this much,

just as well show you the rest," and led the officers to a barrel of mash about twenty steps away. The still was full of mash. Appellant did not testify, but developed from his own witnesses that he was seen in a garage about a month before making or repairing a still.

Under this state of the record appellant urges that the court should have instructed a verdict of not guilty, and erred in giving in charge to the jury the law of principals.

We think neither contention is sound. The authorities presented by appellant distinguished those cases from the present one on the facts. No complaint was made of the manner in which the issue of "principals" was submitted and no special charges were requested elaborating it. Appellant contented himself by the broad objection that the issue should not have been submitted at all. The tin which appellant was seen to pick up and carry towards the still was being used, apparently as a "wind-break" to aid the operation of the heating apparatus. This fact alone would make an issue as to appellant's principalship. See Roberts v. State, 27 S. W. (2d) 159.

The judgment is affirmed.

*Affirmed.*