GEORGE FOX, NONA FOX, AND RICHARD SMITH, ALIAS ROY WHITE
v. THE STATE.

No. 14545.   Delivered November 25, 1931.

The opinion states the case.

*Moore & Wilson,* and *S. F. Rose,* all of Amarillo, for appellants.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is robbery. A penalty of twenty-five years each was assessed against appellants George Fox and Richard Smith, alias Roy White. The penalty assessed against appellant Nona Fox was twenty years.

James McVeigh, a discharged sailor, had gone from San Francisco to

Amarillo, wearing his sailor's uniform. He was standing on a street corner near a bus station when he was approached by appellant George Fox, who engaged him in conversation. Upon McVeigh advising appellant Fox that he would probably remain in Amarillo for a time, Fox recommended the Verdun Hotel. McVeigh then crossed the street to a restaurant and ordered something to eat. While he was eating, appellant Nona Fox, who was the wife of George Fox, entered the restaurant and ordered a cup of coffee. She and McVeigh engaged in conversation. She advised McVeigh that she knew where some liquor could probably be obtained. They left the restaurant together at her instance, and walked down the street to a house. Upon entering a room in the house they found appellant Richard Smith in the room on the bed. Appellant Nona Fox advised Smith that they wanted some beer. According to McVeigh's testimony, he told the parties he had just gotten into town, and showed them his pocketbook, his money and ticket. He said that he had approximately $73 in his purse. McVeigh testified, in substance, that Smith left the room for a moment, leaving him with appellant Nona Fox; that while he was facing Nona Fox, Smith came up behind him, placed a pistol to his back and ordered him not to move; that Smith then directed appellant Nona Fox to take his money; that at about the time appellant Nona Fox took his money appellant George Fox entered the room and said, "Well, I see you got the b—d"; that after the parties had taken his money appellant Nona Fox marched him down the street, holding a pistol in her coat pocket; that after she left him he saw George Fox and Nona Fox leave in a Ford car, and he took the number; that he reported the matter to the officers; that he permitted the parties to take his money because he was afraid they would kill him. When appellant Richard Smith was arrested he had some currency in his shoe; among the bills found was a ten-dollar gold certificate. The injured party testified that the parties took a ten-dollar gold certificate off of him, as well as the balance of his money. The officers found no pistol in Smith's room. The appellants George and Nona Fox were arrested and searched. No weapons of any character were found in their possession. The injured party's purse was not found in the possession of any of the appellants.

All of the appellants admitted that they conspired to get McVeigh into the room, in order to engage him in a game of cards, their purpose being to win his money. According to their testimony, appellant George Fox sent Nona Fox to entice him into the room. The testimony of the appellants was in consonance with that of the injured party, except as to the manner in which he lost his money. They denied that they robbed him, and declared that they won approximately $6 off of him in a card game.

In rebuttal, the state used a witness who testified that she was near

the room during the time McVeigh was with the appellants, and heard some man say "Don't move".

Appellants testified that while they were engaged in a game of cards one Ray Moss came into the room and saw them playing cards with appellants, and saw appellant Richard Smith win some money from the injured party. In appellants' first application for a continuance, which was based on the absence of Moss, it was alleged that the witness Moss, if present, would testify as follows: "That he was present in the house on Lincoln although not continuously in the room when the prosecuting witness and defendants were playing cards; that he was acquainted with defendants, and knew that defendants George and Nona Fox frequently gambled in the room where they took prosecuting witness, and saw defendant Nona Fox come in with prosecuting witness; that one of the defendants asked witness to get them some beer, if he could, and that he tried to get them some beer, inquiring at a couple of places in the vicinity, but was unsuccessful; that he returned, after his unsuccessful search for beer, and opened the door in the room where defendant Nona Fox had taken prosecuting witness; that defendant Richard Smith was playing cards with prosecuting witness; that defendant Nona Fox was looking on, there being a few one dollar bills in front of defendant Roy Smith; that the only remark made by prosecuting witness after witness Ray Moss looked into the door was that he had sent most of his money to Tulsa; that he had lost all of the few dollars that he had with him here, and that he could not gamble any more; that winess Ray Moss then told defendants that he had not been able to get any beer, whereupon defendant Nona Fox said to prosecuting witness, 'Well, if you can't get any beer, let's go,' to which prosecuting witness said 'All right,' and the two walked out of the room, the witness Ray Moss standing back to let them pass; that no person present had a gun in sight; that prosecuting witness was not angry, did not appear frightened, or excited in any way, but was smiling and talking to defendant Nona Fox as he went out; that prosecuting witness made no complaint at the time, that he had been robbed."

The affidavit of the absent witness was appended to the motion for a new trial. The facts stated in said affidavit were substantially the same as those averred in the application for a continuance. There was no question as to diligence. It appears that the witness had left the city of Amarillo about the time appellants were arrested and that he did not know that they had been arrested when he left. It further appears that immediately upon being indicted, appellants had process issued for the absent witness to Potter county, where he had been recently residing. The witness was in Oklahoma at the time. Before appellants' motion for a new trial was filed appellants' counsel had gotten in touch with the witness and he had returned to Amarillo. There he made the affidavit which was appended to the motion for a new trial. The testimony was

material. It supported the theory of appellants. The witness was not an alleged participant in the robbery. The injured party testified that no one was present but appellants and himself during the time he was in the room. The testimony that he was robbed was in a measure corroborated by the testimony of the witness who said that she had heard some man say "Don't move". Other than witness Moss there was no one who could corroborate the testimony of appellants. If their testimony was true appellants were entitled to an acquittal.

The trial court's discretion to determine the probable truth of testimony of the absent witness did not operate, in view of the fact that his affidavit in which it was shown that he would testify to the facts averred in the application for a continuance, was attached to the motion for a new trial. Wiley v. State, 117 Texas Crim. Rep., 449, 36 S. W. (2d) 495. Notwithstanding the affidavit was attached, unless the materiality of the absent testimony was such as that it would likely produce a different result upon another trial, the trial judge was warranted in overruling the motion for a new trial. Wiley v. State, supra. Conceding the truth of the absent testimony, the question is, whether viewed in the light of the facts adduced upon the trial, it is of such materiality, as that it would likely produce a different result upon another trial? The testimony of the absent witness is inconsistent with the state's testimony, and, if believed by the jury, would result in appellants' acquittal. We are unable to say that it is not reasonably probable that if the absent testimony had been before the jury a verdict more favorable to appellants would not have resulted. Wiley v. State, supra. The opinion is expressed that appellants' motion for a new trial, in so far as it was predicated upon the refusal to continue the case, should have been granted.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.