## JACK WINFREY V. THE STATE.

No. 15359. Delivered November 2, 1932.
Rehearing Denied January 11, 1933.
Reported in 55 S. W. (2d) 1046.

The opinion states the case.

*R. E. Eubank,* of Paris, and *McKinney & Berry,* of Cooper, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for selling intoxicating liquor; punishment, one year in the penitentiary.

Appellant made an application for continuance after the case had been postponed upon his request. This made it a second application. Several of the essential requirements for a second application were omitted. We observe, however, that the only witness named in the application was one Richardson, and the record shows that the court heard testimony warranting the conclusion that Richardson was a fugitive from justice.

We find eleven other bills of exception, each of which has been examined. The case was not one on circumstantial evidence, the state witness testifying positively that he bought the liquor from appellant. At appellant's request the court gave a special charge that if the jury found from the evidence that appellant's brother, John Winfrey, sold the liquor in question to the witness Bridges, appellant should be acquitted. This obviated the necessity of giving the special charge complained of in bill of exception No. 2. The court having instructed the

jury on the defense of abili, it was not necessary to give the special charge complained of in bill of exception No. 4. As supporting the proposition of a sale of liquor to the alleged purchaser, it was competent to prove that various parties made up a purse and turned the money over to said purchaser. There was no testimony as to any conversation acompanying said act. It appearing that one of the defensive issues relied upon was that the alleged purchaser may have bought the liquor in question from a brother of appellant, and might be mistaken in his identity of appellant as the seller, it was proper to allow the state to introduce witnesses to testify that appellant and his said brother did not resemble each other in height, size, appearance, etc.

Appellant while on the witness stand offered to testify that he made inquiry of certain witnesses as to who Loyd Bridges was, Bridges being the alleged purchaser. The purpose of the inquiry was to lay a predicate for the introduction of the other witnesses whose testimony would thus appear to corroborate appellant in a claim that he did not know Bridges. The testimony would be self-serving and incompetent for the purpose intended. Bills of exception eleven and twelve are in question and answer form and for that reason can not be considered.

Finging no error in the record, the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant calls attention to a statement in our original opinion to the effect that his second application for continuance names only the witness Richardson. The application is rather unusual in form. In the first paragraph Richardson only is named, but we find from the third paragraph that the application was also predicated on the absence of the witness Thompson, which we overlooked in disposing of the case originally. At a former day of the term the case had been postponed at appellant's request. Therefore, the application we are dealing with was a second application. Tinker v. State, 99 Texas Crim. Rep., 369, 269 S. W., 778; Brannan v. State, 108 Texas Crim. Rep., 418, 1 S. W. (2d) 279. One requisite of such an application is an averment that the absent testimony "cannot be procured from any other source known to defendant." Article 544, C. C. P. There is an entire absence of any such statement in the application before us. This is fatal. Tinker (supra); Brannan (supra); Bascom v. State, 114 Texas Crim. Rep., 32, 24 S. W. (2d) 437; Davis v. State, 110 Texas

Crim. Rep., 605, 10 S. W. (2d) 116. The application contained an averment that issuance of process for Richardson and Thompson had been requested, but it failed to show that process was issued, or what became of it. This showing was necessary. Buie v. State, 1 Texas App., 455; Branch's Ann. Tex. P. C., sec. 315; Collins v. State, 114 Texas Crim. Rep., 673, 26 S. W. (2d) 1074; Best v. State (Texas Crim. App.), 28 S. W. (2d) 803; Holder v. State, 116 Texas Crim. Rep., 316, 31 S. W. (2d) 637. By reason of the defects in the application the court would have been warranted in denying the continuance upon the face of the application itself, for it really furnished no proper basis for the investigation which the court made after the state filed a controversy. From the evidence heard and brought forward in the bill, we think the court would have been justified in reaching the conclusion that Richardson was a fugitive from justice and that Thompson resided in another state.

We have again examined the other questions adverted to in appellant's motion. We think they were properly disposed of originally.

The motion for rehearing is overruled.

*Overruled.*