## John Winfrey v. The State.

No. 16034.  Delivered November 22, 1933.
Reported in 65 S. W. (2d) 297.

The opinion states the case.

*W. H. Crunk,* of Cooper, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for selling intoxicating liquor, punishment being one year in the penitentiary.

The first count of the indictment under which appellant was convicted charged that he sold intoxicating liquor to J. D. Jones on December 25, 1932.

Jones testified that he bought a pint of whisky from appellant about one-thirty in the afternoon on Christmas day, 1932, and paid him one dollar for it; that appellant had the whisky in his pocket. It was not developed from the witness when he was first on the stand how the whisky was paid for. Appellant denied making the sale, and claimed to have seen Jones on Christmas morning at which time Jones appeared to be under the influence of intoxicating liquor, but denied seeing Jones in the afternoon. Appellant introduced a number of witnesses who claimed to have seen Jones in the forenoon of Christmas day and who said he appeared to be drunk. Some of them say they saw Jones and appellant talking together but saw no such transaction as Jones claimed to have occurred. After appellant had denied making the sale the state called Jones in rebuttal who said the whisky was paid for by a check for one dollar which was written for him by Bill Chambers at the Gulf Filling Station. Chambers testified that about one-thirty in the afternoon of Christmas day appellant and Jones came into the Gulf Filling Station together, and Jones asked for a check which was given him; that the check was made payable to appellant for one dollar.

Bill of exception number one brings forward complaint because the court overruled appellant's application for continuance predicated upon the absence of six named witnesses. It is not necessary to discuss the materiality of the proposed absent testimony for the reason that we regard the application as insufficient upon which to base complaint. After naming the witnesses there follows this statement in the application: "That said witnesses are not at this time in Cooper, or in Delta county." Nothing further is found in the application for continuance as to the residence or whereabouts of any of said witnesses and no averments that their then residence was unknown, save as to the witness Hargrove, as to whom appellant's application averred that he was a resident of Borger, Texas. Article 543, C. C. P. (1925), subd. 1, provides that where application for continuance is based on absence of a witness "it shall be necessary * * * to state the name of the witness *and his residence, if known, or that his residence is not known.*" A failure to comply with the named provision of

the statute renders the application fatally defective. See O'Mary v. State, 116 Texas Crim. Rep., 628, 32 S. W. (2d) 473, and cases therein cited. What has been said perhaps does not apply to witness Hargrove, whose residence was given in the application for continuance, but the other defect in the application now to be discussed does also apply to Hargrove.

It has been the unvarying rule that where a continuance is sought for an absent witness the application for continuance must show not only that process for the witness was requested, but that it was issued and what was done with it; if the witness reside in the county of the trial it must be shown that process for him was placed in the hands of the proper officer of that county for service, and if the witness resided in some other county that process which issued was forwarded to the proper officer there. The reason for such requirement is very convincingly stated by this court in Buie v. State, 1 Texas App., 455, 456, which was quoted with approval in Collins v. State, 114 Texas Crim. Rep., 673, 26 S. W. (2d) 1074. See, also, Holder v. State, 116 Texas Crim. Rep., 316, 31 S. W. (2d) 637, and cases therein cited, and Branch's Ann. Tex. P. C., sec. 314, page 187. After stating in the application for continuance that on the same day of his arrest he made application to the clerk of the court for issuance of process, appellant continues with the averment: "* * * the defendant alleges that he believes that said clerk in due course issued subpoenaes as prayed for, directing them to the proper officers and to the proper counties for service as the law directs. * * *"

It will be seen that there is no showing that the process was ever issued, or if so, to what counties, or what became of it. If the information furnished the clerk as to the supposed whereabouts of the witnesses was as meager as that contained in the application we are at a loss to know how said officer was to determine to what county the process should be directed.

By bill of exception number two appellant complaints of the argument of the prosecuting attorney in which he said "You folks—referring to the jury—are supposed to use your heads and analyze this testimony. If you are going to let men like John Winfrey go out and scour the country for perjured testimony, then—." At this point counsel was interrupted by an objection and so far as the bill shows never completed whatever statement he intended to make. The court declined to withdraw the quoted language and appellant claims it was highly prejudicial as being subject to the inference that appellant had scoured the country for perjurers to testify in his behalf, when there was no evidence to support such theory. The

statement of facts discloses that appellant had introduced a number of witnesses whose testimony was in conflict with that offered by the state. The argument complained of might have been couched in more acceptable language but at most, we think, can be construed only as counsel's opinion that the evidence introduced by appellant was not dependable. Among other cases cited by appellant is Ricks v. State, 19 Texas App., 308, which is nearer in point than others to which we are referred. There the language was much more reprehensible than here. The judgment was reversed on other grounds, and while the language complained of was condemned this court expressly declined to determine whether it was reversible error.

Bill of exception number three also complains of argument of the prosecuting attorney, the language this time being, "I brought his brother (meaning defendant's brother) here and put him on the stand. Of course I had more sense than to go to questioning him about the facts in this case because I knew what he would do. Of course, he would go to swearing for the defendant but they had a chance—". It will be noted that again the statement was interrupted by an objection and was never completed. Objection was on the ground that the prosecuting attorney inferred by his statement that if he had questioned Jack Winfrey about the facts witness would have given perjured testimony in appellant's behalf. We think the last words in the language quoted, "but they had a chance" is the key to the whole matter when the facts are looked to. All through the evidence it is apparent that appellant was seeking to impress the jury with the idea that the prosecuting witness had mistaken appellant for his brother Jack, and if he bought whisky from anybody it was from the latter. Some witness testified that there was only a family resemblance between the brothers, and that they could not easily be mistaken for each other. Some witness had testified that the resemblance was so striking that a mistake in identity was likely. In this state of the record it unquestionably aided the jury in determining that question to have Jack Winfrey brought before them, if for no other purpose than to identify himself, and then his similarity, or otherwise, to appellant would be apparent to the jury.

In none of the bills of exception do we think reversible error is shown.

The court sought to qualify all the bills but over his signature certifies that appellant excepted to such qualifications. We have repeatedly held that such an exception destroys the qualification, and that the bills in such case must be considered as if

no such qualification had been attached, and the bills here have been so considered.

Again we call attention of the trial judges to the point that they have no right to qualify a bill over objection. If counsel for appellant will not accept the bill with the qualification or explanation which the trial judge thinks necessary the bill as tendered should be refused with the court's reason therefor, and a proper bill from the court's standpoint should be prepared by him. See Thomas v. State, 83 Texas Crim. Rep., 325, 204 S. W., 999; Stapleton v. State, 107 Texas Crim. Rep., 596, 298 S. W., 578, in which many other cases are cited.

Finding no errors in the record upon which a reversal may be properly predicated, the judgment is affirmed.

*Affirmed.*