Appellant was assessed a fine of $100 for the offense of selling liquor in a dry area.

The proof was sufficient to sustain the jury's verdict. Two bills of exception complain of the introduction of evidence. An agent of the Liquor Control Board testified, fixing the time and place of the purchase of liquor from appellant as February 21st, 1944, at the Davis Bumper to Bumper filling station. Appellant denied being at such place on said date and in rebuttal offered corroborating evidence on this issue. He testified that the time he was seen there by the Sheriff and a Deputy was another and different date. In an effort to answer this testimony by appellant the State recalled the prosecuting witness who testified that on the night of February 21st, 1944, he told the Sheriff that he bought the whiskey "from the defendant, Curtis Hankins, that night." By the second bill objection is raised to the evidence of the Sheriff regarding the same transaction in which the Sheriff testified that the prosecuting witness told him that he "had just bought it (the whiskey) from the defendant, Curtis Hankins." In each case the bill says that the evidence was objected to in advance of the answer and that the court was requested to withdraw it from the jury after it was made but that his objections were overruled. The court qualifies the bill in each case with a positive contradictory statement. However, appellant objected and excepted to such qualification in each of the bills. The court did not follow this by writing his own bills and they are before us as though no qualifications had been made. Winfrey v. State, 124 Tex.Cr.R. 670, 65 S.W.2d 297.

It will not be necessary to discuss the merit of these bills. Clearly what the witness told the Sheriff about having purchased the liquor from the accused that night, and what the Sheriff testified, detailing the statement made by prosecuting witness on that particular night, was in each case hearsay. The testimony is damaging and the error in admitting it requires that this case be reversed and remanded for a new trial and it is accordingly so ordered.

## ROSE v. STATE.
### No. 22971.

Court of Criminal Appeals of Texas.
Nov. 29, 1944.

A. A. Kern, of Dallas, for appellant.

Ernest S. Goens, State's Atty., of Austin, for the State.

KRUEGER, Judge.

The conviction is for theft of property over the value of fifty dollars. The punishment assessed is confinement in the state penitentiary for a term of seven years.

The indictment and all proceedings appear regular. The record is before us without a statement of facts or bills of exception, in the absence of which nothing is presented for review.

The judgment of the trial court is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.