**Ellis Douglas BURRELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–82–126 CR.**

Court of Appeals of Texas, Beaumont.

March 16, 1983.

**516**

Douglas M. Barlow, Beaumont, for appellant.

John R. DeWitt, Asst. Crim. Dist. Atty., Beaumont, for appellee.

## OPINION

DIES, Chief Justice.

Appellant was convicted by a jury of burglary of a habitation and a repeated

offense, and the same jury assessed punishment at thirty (30) years in the Texas Department of Corrections. Appellant has perfected an appeal to this court.

Ground of Error No. One follows: "The trial court erred in denying the motion for continuance of appellant's counsel." Appellant filed a written motion for continuance on the basis his mother was scheduled to enter a hospital at or near the time of the trial. *Tex.Code Crim.Proc.Ann. art. 29.-06* (Vernon 1966) sets forth the requirements of the motion. It (the motion) is defective in several respects.* The most glaring defect is the motion's failure to make clear the mother could give material facts. The consideration of a continuance in criminal cases is vested in the sound discretion of the trial judge. *Corley v. State,* 582 S.W.2d 815 (Tex.Cr.App.1979), cert. denied, 444 U.S. 919, 100 S.Ct. 238, 62 L.Ed.2d 176 (1979). We find no abuse of discretion; therefore, this ground is overruled.

Appellant's Second Ground of Error urges: "The trial court erred in conducting the trial in the absence of appellant." The trial court remarked that at a previous setting of the case in April, when appellant was brought into court, he struggled with the bailiff and had to be forcibly removed. The judge noted, "The Record should further reflect that today, when being brought down from the jail to the courtroom, for the purpose of beginning trial, the defendant fought and struggled with the jailer. When Mr. Lanier [appellant's trial counsel] appeared at court I instructed Mr. Lanier to talk to the defendant regarding his demeanor in the courtroom, and his responsibilities, if he were to be brought into it. Mr. Lanier did so and upon my questioning indicated that he could not assure the Court that the defendant would behave in a proper manner if brought into the courtroom." Of course, *Tex.Code Crim.Proc.Ann. art. 33.03* (Vernon Supp. 1982–83) provides for

---

* It was not sworn to. See *Galvan v. State,* 461 S.W.2d 396 (Tex.Cr.App.1970). Address of witness not given. See *Winfrey v. State,* 124 Tex.Cr.R. 670, 65 S.W.2d 297 (1934).

the personal presence of the defendant at trial. Appellant cites *Lusk v. State,* 432 S.W.2d 923 (Tex.Cr.App.1968), in which the appellant attempted to waive his presence at trial and was not allowed to do so. We have been cited no case, nor have we found one independently, involving substantially the same fact situation as that in the case at hand. In *Kimithi v. State,* 546 S.W.2d 323, 326 (Tex.Cr.App.1977), the court discussed under what circumstances a trial judge was justified in restraining a defendant on trial (handcuffing, shackles, gagged).

In that case, as well as those cited by the court, the jury observed the restraints. In the case at bar, the main thrust of appellant's contention seems to be that the judge himself did not question appellant but left it up to appellant's counsel. The judge was justified in assuming it was likely appellant would continue his disturbance. This conduct before the jury would certainly be no less harmful than his absence during the trial. And we find no error in the court's asking his counsel—an officer of the court—to ascertain if he would behave himself in the courtroom.

In *Illinois v. Allen,* 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970), the U.S. Supreme Court suggested one way to handle such a defendant is to "take him out of the courtroom until he promises to conduct himself properly." (at 344, 90 S.Ct. at 1061). This ground of error is overruled.

■ Ground of Error Three asserts: "Fundamental error occurred when the State attempted to introduce reputation evidence at the guilt/innocence state." The State's attorney asked a Detective: "And once you knew his [appellant's] last name . . . did that also bring to mind other things that you knew about him?" The witness answered: "No more than the family is supposed to be. . . ." Appellant's counsel objected; the objection was sustained, and the jury was instructed to disregard the question. We do not find that the question or partial answer was of such character as to suggest the impossibility of withdrawing an inflammatory impression on the minds of the jury, and on the authority of *White*

*v. State,* 444 S.W.2d 921 (Tex.Cr.App.1969), overrule this ground of error.

■ Appellant's last ground of error is: "Fundamental error occurred when the State made an improper comment on appellant's failure to testify." Of course, were such a comment made it would be reversible. *Tex.Code Crim.Proc.Ann. art. 38.08* (Vernon 1979). *Bird v. State,* 527 S.W.2d 891 (Tex.Cr.App.1975). However, the language used by the prosecutor (actions speak louder than words) is a commonly used phrase and not necessarily to be construed as an allusion to appellant's failure to testify. *Lee v. State,* 628 S.W.2d 70 (Tex.Cr. App.1982). *This ground of error is overruled.*

The judgment of the trial court is affirmed.

CLAYTON, Justice.
I respectfully dissent.